**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 4th day of November, 2011.

Alondo Davis,                                                    Appellant,

    against    Record No. 102420
                Court of Appeals No. 1514-10-1

Commonwealth of Virginia,                                       Appellee.


Upon an appeal from a judgment rendered by the
Court of Appeals of Virginia.


Alondo Davis pled guilty to possession of a firearm after having been convicted of a violent felony within the previous ten years in violation of Code § 18.2-308.2(A). In his appeal to the Court of Appeals, Davis asserted that the trial court erred in accepting his guilty plea. The Court of Appeals denied Davis' appeal because a guilty plea waives any non-jurisdictional defects in the proceedings and Davis did not raise any jurisdictional defect in his appeal. Davis v. Commonwealth, Record No. 1514-10-1 (Dec. 1, 2010).

In his appeal to this Court, Davis again assigns as error the trial court's acceptance of his guilty plea but does not assign error to the Court of Appeals' holding that his guilty plea waived non-jurisdictional defects. The Rules of the Supreme Court of Virginia have long provided that in appeals from the Court of Appeals, this Court will consider "only assignments of error

relating to assignments of error presented in, and to actions taken by, the Court of Appeals . . . ." Rule 5:17(c)(1)(ii). Effective July 1, 2010, subparagraph (c)(1)(iii) was added to Rule 5:17. That amendment provides that an assignment of error that does not address a finding or ruling of a "[t]ribunal from which an appeal is taken" is insufficient and that "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed." Rule 5:17(c)(1)(iii). By prescribing dismissal of the appeal, this amendment established that the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal. Smith v. Commonwealth, 281 Va. 464, 467-68, 706 S.E.2d 889, 891-92 (2011); Jay v. Commonwealth, 275 Va. 510, 518-19, 659 S.E.2d 311, 315-16 (2008).

Accordingly, because Davis' sole assignment of error in this appeal does not address any finding or ruling of the Court of Appeals, the appeal is dismissed. Rule 5:17(c)(1)(iii).

This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Suffolk.

Justice Powell took no part in the consideration of this case.¶

A Copy,

2

Teste:

Patricia L. Harrington, Clerk