# VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the*   **12th**   *day of* **June, 2012**.

Commonwealth of Virginia,                                                                                        Appellant,

against                    Record No. 2526-11-2
                           Circuit Court Nos. CR11F01501-05 through CR11F01501-09

Jovon Montell Square,                                                                                           Appellee.

From the Circuit Court of Chesterfield County

Before Judges Elder, Humphreys and Petty

In this appeal, the Commonwealth challenges the December 13, 2011 order of the Circuit Court of Chesterfield County ("trial court") granting Jovon Montel Square's ("defendant") motion to suppress.[1] However, for the reasons that follow, this Court lacks active jurisdiction to decide the merits of this appeal.

In this case, the trial court entered an order granting the defendant's motion to suppress on December 13, 2011. The Commonwealth then timely noted its appeal to this Court. On December 21, 2011, the Commonwealth filed the transcript of the proceedings on the motion to suppress with the trial court. Subsequently, the Commonwealth filed its petition for appeal on January 3, 2012. However, the petition for

---

[1] Under Code § 19.2-398(A)(2) the Commonwealth is entitled to a pretrial appeal in a felony case from

> [a]n order of a circuit court prohibiting the use of certain evidence at trial on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Section 8, 10 or 11 of the Constitution of Virginia prohibiting illegal searches and seizures and protecting rights against self-incrimination, provided the Commonwealth certifies that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding.

appeal failed to include any assignments of error,[2] so on January 12, 2012, the clerk of this Court granted the Commonwealth ten days to file a replacement petition in order to correct the deficiency. The Commonwealth filed a replacement petition for appeal on January 23, 2012.[3]

When we granted the Commonwealth's petition for appeal, we requested that the parties address the following additional issue:

> Whether this Court has jurisdiction to consider this appeal in light of the fact that the initial petition for appeal (filed January 3, 2012) did not include assignments of error and that the replacement petition for appeal (filed on January 23, 2012), which included assignments of error, was filed after the date on which a petition for appeal was due to be filed, see Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011).

It is undisputed that the Commonwealth filed its original petition for appeal in a timely manner. However, the petition did not include any assignments of error. Instead, it only provided "questions presented" which were required until the Rules of the Supreme Court of Virginia were comprehensively amended effective July 1, 2010. Under the current Rules of the Supreme Court of Virginia, "this Court considers only assignments of error and, as such, will not consider the questions presented." Fauquier County Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 188 n.2, 717 S.E.2d 811, 813 n.2 (2011); see

---

[2] The petition for appeal included the following two questions under the heading "Questions Presented:"

> I. Did the trial court err in suppressing the defendant's confession as well as evidence seized pursuant to a search warrant executed at the defendant's residence as a fruit of the poisonous tree, by improperly holding that the probable cause upon which the search warrant was obtained had gone stale, and therefore violated the Fourth Amendment of the United States Constitution as an unreasonable search and seizure?

> II. Did the trial court err suppressing the defendant's confession as well as evidence seized pursuant to a search warrant executed at the defendant's residence as fruit of the poisonous tree, by improperly holding that the good faith exception as enumerated in United States v. Leon[, 468 U.S. 897 (1984),] did not apply?

[3] January 22, 2012 was a Sunday. Thus, the Commonwealth's January 23, 2012 filing complied with the Court's ten-day time limit in which to file a replacement petition. See Code § 1-210.

also Rule 5A:12(c)(1) ("Under a heading entitled 'Assignments of Error,' the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely."). Our Rules specifically mandate that "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court. *If the petition for appeal does not contain assignments of error, it shall be dismissed.*" Rule 5A:12(c)(1)(i) (emphasis added). By requiring dismissal, the Supreme Court has rendered this rule jurisdictional. See Davis v. Commonwealth, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011) ("By prescribing dismissal of the appeal, [Rule 5:17(c)(1)(iii)] established that the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal."). Thus, if the replacement petition for appeal that does contain assignments of error was not timely filed, we are without jurisdiction to consider them.

In order to determine whether the replacement petition for appeal was timely filed, we must interpret two statutes and a rule of court, each of which purport to govern the time limits for filing petitions for appeal. The first statute is Code § 17.1-408, which was adopted in its present form in 1998 and states,

> The petition for appeal in a criminal case shall be filed not more than forty days after the filing of the record with the Court of Appeals. However, a thirty-day extension may be granted in the discretion of the court in order to attain the ends of justice. *When an appeal from an interlocutory decree or order is permitted in a criminal case, the petition for appeal shall be presented within the forty-day time limitation provided in this section.*

(Emphasis added).

Rule 5A:12 governs the requirements for a petition for appeal to this Court generally. Subsection (a) of Rule 5A:12 is essentially congruent with Code § 17.1-408, although it does not contain special provisions for interlocutory appeals in criminal cases. Rule 5A:12 also provides sanctions for petitions for appeal that do not comply with certain substantive requirements.

Code § 19.2-402, which specifically governs the petition for appeal in pretrial appeals by the Commonwealth, was originally enacted in 1987 and amended into its current form effective July 1, 2003 and thus represents the General Assembly's most recent expression of legislative intent on the subject. Code § 19.2-402(B) states that "[t]he petition for a pretrial appeal shall be filed with the clerk of the Court of Appeals not more than *14 days* after the date that the transcript . . . is filed . . . ." (Emphasis added). This statute does not provide for any extensions to this deadline. However, the last sentence states that "[e]xcept as specifically provided in this section, all other *requirements* for the petition for pretrial appeal and brief in opposition shall conform as nearly as practicable to Part Five A of the Rules of the Supreme Court of Virginia." Code § 19.2-402 (emphasis added).

The seemingly varying requirements of the preceding statutes and rule of court raise two fundamental questions that we must answer: Which statutory time limit constitutes the deadline for the Commonwealth to file a petition for an interlocutory appeal in a criminal case? And, does this Court have any authority to grant an extension of time to file the petition in such cases? The Commonwealth argues three alternative theories supporting its position that the petition in this case was timely filed or that an extension of time to file was proper. First, the Commonwealth argues that because the replacement petition was filed within the forty days prescribed by Code § 17.1-408 it was timely filed irrespective of any extension of time. Second, it argues that even if the deadline for filing is the fourteen days prescribed by Code § 19.2-402(B), Code § 17.1-408 permits this Court to grant an extension of thirty days. Finally, the Commonwealth argues that the reference in Code § 19.2-402(B) to Part 5A of the Rules of the Supreme Court of Virginia permits this Court to grant an extension of up to thirty days under Rule 5A:12(a) "upon a showing of good cause sufficient to excuse the delay." Thus, we must construe together two statutes and a rule of court that all deal with the same subject.[4] For the reasons that

---

[4] For the sake of this analysis, we set aside the issue of whether "good cause" existed to excuse any delay in this case, in order to determine whether this Court has active jurisdiction to consider this appeal.

follow, we disagree with all of the Attorney General's alternative arguments as to the interpretation of the statutory scheme.

Several well-settled principles of statutory construction guide our analysis. First, we note that where a conflict exists between a statute and a rule of court, the Constitution of the Commonwealth of Virginia provides that the statute takes precedence. Va. Const. art. VI, § 5.[5] Second, statutes concerning the same subject are to be read together, and construed, wherever possible, so as to avoid conflict between them and to permit each of them to have full operation according to their legislative purpose. See Ford Motor Co. v. Gordon, 281 Va. 543, 549-50, 708 S.E.2d 846, 850 (2011). Third, "statutes are to be construed so as to avoid an absurd result." Id. Finally, "under the established principle of statutory construction that when one statute addresses a subject in a general manner and another statute addresses all or part of the same subject in a more specific manner, the differing statutes should be harmonized, if possible, and when they conflict, the more specific statute must prevail." Gilman v. Commonwealth, 275 Va. 222, 230, 657 S.E.2d 474, 477 (2008).

Under these principles, we begin our analysis by considering the plain language of the two statutes that deal with criminal pretrial interlocutory appeals. Code § 17.1-408 is a statute of general application and except for its last sentence, applies to all petitions for appeal to this Court. The statute prescribes a general forty-day time limit from the date the record of the trial court is received by the clerk of this Court, and ordinarily permits this Court to grant a thirty-day extension "to attain the ends of justice." However, the last sentence of this statute is specific to petitions for appeal "from an interlocutory decree or order in a criminal case" and requires that the petition for appeal be "presented within the forty-day time limitation provided by this section." Thus, if we give full effect to every word

---

[5] This section provides that "The Supreme Court shall have the authority to make rules governing the course of appeals and the practice and procedures to be used in the courts of the Commonwealth, but such rules shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly."

of Code § 17.1-408 to the exclusion of any other statute or rule of court, the only reasonable conclusion is that an interlocutory petition for appeal in a criminal case must be received by this Court within forty days of the receipt of the record from the trial court and that no extensions of time are permitted.

Performing the same exercise with Code § 19.2-402, we first note that this is a statute with specific application only to interlocutory appeals by the Commonwealth in criminal cases. It is clear from its text that the General Assembly intended a requirement that a petition for pretrial appeal by the Commonwealth be filed "not more than 14 days after the date that the transcript or written statement of facts is filed." As is the case with Code § 17.1-408, there is no provision in this statute for this Court to grant an extension of time for any reason in such cases. However the statute does state that "[e]xcept as specifically provided in this section, all other requirements for the petition for pretrial appeal and brief in opposition shall conform as nearly as practicable to Part Five A of the Rules of the Supreme Court of Virginia." Code § 19.2-402(B). In addition to the time requirements of Rule 5A:12, the rule contains substantive general requirements for a petition for appeal in all cases and mandates dismissal of the appeal if those requirements are not met with respect to the assignments of error.

To the extent that we can harmonize these statutes, it is clear in both of them that the overriding intent of the legislature was that pretrial appeals in criminal cases be disposed of expeditiously. The nature of such an appeal is that a trial is essentially on "hold" until this Court can dispose of it and the constitutional right of the defendants in these cases to a speedy trial must be honored. This legislative intent is clearly apparent in Code § 17.1-408, which although it generally allows this Court to grant a thirty-day extension "to attain the end of justice" expressly provides that in the case of a criminal pretrial appeal, the petition must be filed within the original time limit. Code § 19.2-402 can be harmonized with Code § 17.1-408 to the extent that it also does not expressly grant any authority to this Court to grant an extension of time to file a petition for appeal in these cases. However Code § 19.2-402 goes beyond the provisions of Code § 17.1-408 by contracting the time limit for filing an interlocutory petition for appeal

to fourteen days from forty days and by expanding the definition of the trial court record to include a written statement of facts in lieu of a transcript and by incorporating by reference the petition requirements of Part 5A of the Rules of the Supreme Court to the extent that they do not conflict with the statute.

Nevertheless, as is obvious from the plain text of both statutes, we are unable to harmonize them with respect to the time limit for the filing of an interlocutory petition for appeal by the Commonwealth and conclude that the fourteen-day time limit in the more specific and more recent expression of legislative intent of Code § 19.2-402 applies to these appeals rather than the forty-day time limit of Code § 17.1-408.  We also conclude that while Code § 19.2-402 incorporates by reference the requirements of the Rules of the Supreme Court applicable to this Court, the authority to grant an extension of time as found in subsection (a) of Rule 5A:12 does not apply to these appeals.  Instead, the statute by its plain language incorporates by reference only the substantive requirements for the petition as found in other subsections of that Rule.  See Commonwealth v. Hawkins, 10 Va. App. 41, 44, 390 S.E.2d 3, 5 (1990) (noting that a statute that is "in derogation of the general constitutional prohibition against appeals by the Commonwealth" must be strictly construed against the state).  Coupling this observation with the express prohibition on such extensions found in Code § 17.1-408 and the shortened time limit along with the lack of any grant of such authority found in Code § 19.2-402, we reach the inescapable conclusion that the General Assembly does not currently intend that extensions of time for filing a petition for appeal be granted in these cases.

To summarize, in reading these statutes and Rule 5A:12 together and giving effect to as much of their respective provisions as we possibly can, we hold that in any interlocutory appeal by the Commonwealth in a criminal case, a petition for appeal that is compliant with the provisions of Rule 5A:12(c)(1) must be filed within fourteen days of the receipt by the clerk of the trial court of the transcript or written statement of facts or, if there are objections thereto, within fourteen days after the

judge signs the transcript or written statement of facts. We further hold that in such cases, this Court has no authority to grant an extension of time for any reason and any grant of such authority to this Court must come from the General Assembly.

Because this Court had no authority to grant an extension of time in this case and because the Commonwealth failed to file a petition for appeal that contained assignments of error within the fourteen-day time limit specified by Code § 19.2-402, pursuant to the holding in Davis, this Court has no active jurisdiction to consider the merits of this appeal and we must vacate the order granting the petition for appeal as we lacked the jurisdiction to issue it, and dismiss this appeal.

This order shall be certified to the trial court.

A Copy,

Teste:

*original order signed by the Clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Clerk

- 8 -