COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

JOHN CARROLL CAMPBELL, II

MEMORANDUM OPINION* BY
v.      Record No. 0269-12-1                       JUDGE LARRY G. ELDER
                                                  DECEMBER 18, 2012
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Charles E. Haden for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


John Carroll Campbell, II (appellant), appeals from his bench trial convictions for

robbery, statutory burglary, and two counts of using a firearm in the commission of a felony. On

appeal, he argues the trial court erred in denying his motion for the appointment of a special

prosecutor because the assigned prosecutor had first-hand knowledge of evidence impeaching an

eyewitness and, therefore, was a potential witness himself. Appellant also contends the evidence

was insufficient to support his convictions because the testimony of the Commonwealth's

witnesses was not credible. We hold the trial court's denial of appellant's pre-trial motion for

the appointment of a special prosecutor was not error and that appellant, by failing to renew the

motion, waived his right to have it reconsidered in light of events at trial. We also hold that the

evidence was sufficient to support appellant's convictions. Thus, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Appellant was charged with breaking into the residence of Johnnie Cousins and robbing him at gunpoint while Cousins' fifteen-year-old daughter and eight- or nine-year-old son were present. Cousins contended that he recognized appellant's co-perpetrator, Martez Smith, but did not know who appellant was and had never seen him prior to the March 5, 2009 robbery.

Appellant claimed, by contrast, that he and Cousins knew each other because Cousins was his drug supplier. Appellant averred he had an alibi and theorized Cousins fabricated the story about robbery to collect on a drug debt appellant claimed to owe him.

In a bench trial, Cousins, his two children, appellant, and several alibi witnesses testified. The trial court accepted the Commonwealth's theory of the case and found appellant guilty.

## II. ANALYSIS

### A. MOTION TO APPOINT A SPECIAL PROSECUTOR

Prior to trial, appellant moved the court to disqualify the assistant Commonwealth's attorney and appoint a special prosecutor. Appellant alleged that on the morning originally scheduled for trial in January 2011, Cousins' daughter told Assistant Commonwealth's Attorney Brian Thoman that appellant had been "in her house up to five times before the alleged [robbery]." Thoman then "had Detective [L.D.] LeGrande speak with [Cousins' daughter,] as well[,] so she could give him the statement, and [Cousins' daughter] repeated the exact same thing [to LeGrande]" in the presence of Thoman. Appellant further alleged that Cousins' daughter's statements in January 2011 directly contradicted testimony she and Cousins gave at the October 2009 preliminary hearing that they had never seen appellant before the robbery.

Thoman immediately disclosed this potentially exculpatory information to appellant's counsel orally. Thoman originally indicated he supported the appointment of a special

prosecutor, but he later averred he could continue in the role of prosecutor because Detective LeGrande could testify about the daughter's statement. The trial court ruled the question of a conflict was too "speculative" because "unless [Cousins' daughter] denies [making the conflicting statements,] you don't get to call [Thoman] . . . ." Appellant implicitly recognized the correctness of this pre-trial ruling and the fact that the way the evidence came in at trial might ultimately entitle him to have the prosecutor disqualified mid-trial, arguing that he made the motion for the appointment of a special prosecutor because "I was trying to avoid doing it twice, Judge."

At trial, Cousins' daughter denied making the conflicting statements to Thoman or LeGrande in January 2011. Appellant then elicited testimony from LeGrande about Cousins' daughter's conflicting statements. Although appellant had reason to believe Thoman would have given slightly more contradictory testimony regarding Cousins' daughter's statements, appellant did not thereafter renew his motion to disqualify Thoman or attempt to call him as a witness.

"The due process rights of a criminal defendant under both the Virginia and United States Constitutions are violated when a Commonwealth's Attorney who has a conflict of interest relevant to the defendant's case prosecutes the defendant." Powell v. Commonwealth, 267 Va. 107, 138, 590 S.E.2d 537, 556 (2004). To protect these rights, Virginia Rule of Professional Conduct 3.7 provides that "a lawyer should not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness." Teleguz v. Commonwealth, 273 Va. 458, 490, 643 S.E.2d 708, 728 (2007).[1] This rule also provides, however, that "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the

---

[1] That rule provides exceptions which permit representation if "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work a substantial hardship on the client." Va. Rule of Prof'l Conduct 3.7(a).

lawyer may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client." Va. R. of Prof'l Conduct 3.7(b). "Critical to the application of this principle is the requirement that the lawyer be a necessary witness." Teleguz, 273 Va. at 490-91, 643 S.E.2d at 728.

"The decision whether to disqualify a Commonwealth's attorney in a particular case is committed to the sound discretion of the trial court." Lux v. Commonwealth, 24 Va. App. 561, 569, 484 S.E.2d 145, 149 (1997).

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." Where a party fails to obtain a ruling on an issue, there is nothing for this Court to review on appeal. Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

Here, appellant obtained a ruling on his pre-trial motion for the appointment of a special prosecutor, which the trial court denied as speculative. This ruling was not error because the testimony of Assistant Commonwealth's Attorney Thoman would have been admissible at trial only if Cousins' daughter denied making the conflicting statement. See, e.g., Currie v. Commonwealth, 30 Va. App. 58, 72, 515 S.E.2d 335, 342 (1999) (holding that if a witness admits making a prior inconsistent statement, extrinsic evidence confirming the prior inconsistent statement is not admissible for impeachment purposes).

At trial, once Cousins' daughter denied telling Thoman that appellant had been in her house up to five times, appellant did not renew his pre-trial motion to disqualify Thoman so that appellant could call him as a witness. Appellant did cross-examine Detective LeGrande about Cousins' daughter's conflicting statements, and LeGrande testified as to his recollection of those statements. However, appellant neither renewed his pre-trial motion to disqualify Thoman in

- 4 -

order to call him as a witness nor requested a mistrial based on a claimed need to call Thoman in order to impeach Cousins' daughter effectively. Based on these circumstances, the record establishes appellant failed properly to preserve for appeal this aspect of his request for the appointment of a special prosecutor. See Doan v. Commonwealth, 15 Va. App. 87, 94, 422 S.E.2d 398, 402 (1992) (holding the defendant's objection to the admission of a portion of his co-defendant's plea agreement was barred, in part because, although the defendant filed a motion *in limine*, the trial court refrained from ruling, stating "I'll take it up at the time," and the defendant did not renew his motion when testimony about the agreement was given or when the agreement itself was admitted into evidence).

## B. SUFFICIENCY OF THE EVIDENCE[2]

On appellate review, "[t]he judgment of the trial court . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The trier of fact may accept some parts of a witness' testimony and reject others. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "The fact that a witness makes inconsistent statements . . . does not render his testimony . . . unworthy of belief. . . . It is firmly imbedded in the law of Virginia that the credibility of a witness who makes inconsistent statements on the stand is a question for the . . . trier of the facts . . . ."

---

[2] Assuming without deciding that appellant's assignment of error on this issue is specific enough to comply with Rule 5A:12(c)(1), we address it on the merits as presented on brief and at oral argument. See Davis v. Commonwealth, 282 Va. 339, 339-40, 717 S.E.2d 796, 796-97 (2011). We note the Commonwealth has lodged no objection to the scope or wording of this assignment of error.

Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). Similarly, "determining the credibility of [different] witnesses who give conflicting accounts is within the exclusive province of the [fact finder]." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

Here, the Commonwealth offered direct evidence that appellant went to Cousins' home on the night of March 5, 2009, and robbed him. Cousins, his son, and his daughter all placed appellant and Smith at the scene. Additionally, Cousins and his daughter testified that appellant and Smith robbed Cousins. The trial court specifically concluded it did not have to reject the testimony of appellant's alibi witnesses to find him guilty because their testimony about how long appellant was with them was vague and did not prove appellant could not have committed the robbery. In convicting appellant, the trial court specifically relied on the testimony of Cousins and his son. The trial court was further entitled to conclude that appellant was lying in claiming Cousins fabricated the charges to obtain reimbursement for an outstanding drug debt and to reject appellant's testimony on that basis. See Cordon v. Commonwealth, 280 Va. 691, 695-96, 701 S.E.2d 803, 805-06 (2010) (rejecting the defendant's testimony and concluding "the remaining evidence falls short of the evidence considered sufficient" in related cases). The inconsistencies in the various statements and testimony of Cousins' daughter and the absence of any scientific evidence, such as DNA or fingerprints, linking appellant to Cousins' home did not prevent the trial court from finding, beyond a reasonable doubt, that appellant committed the charged offenses.

III.

For these reasons, we hold the trial court properly denied appellant's pre-trial motion for appointment of a special prosecutor and that appellant waived any further objection by failing to

renew that motion at trial. We hold further that the evidence was sufficient to support appellant's convictions. Thus, we affirm.

<u>Affirmed.</u>