PETTY, J., with whom FRANK, HUMPHREYS, and HUFF, JJ., join,
concurring, in part, and dissenting, in part.
*663 In this appeal, we address whether the appellant, Steve Whitt, failed to comply with the requirements of Rule 5A: 12(c)(1) in his petition for appeal, and if so, whether such failure requires us to dismiss his appeal. I agree with the majority that Whitt failed to comply with Rule 5A:12(c)(l). Unlike the majority, however, I do not agree that the petition may be amended after the deadline for filing has passed. Therefore, I conclude that the express language of Rule 5A:12(c) coupled with the Supreme Court’s published order in Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), requires us to dismiss Whitt’s appeal for lack of active jurisdiction.
Whitt was convicted of two counts of attempted capital murder of a law enforcement officer, in violation of Code § 18.2-31. The record was filed on August 25, 2011, and thus, absent an extension, the petition for appeal was required to be filed on or before October 4, 2011. See Rule 5A:12(a) (“[A] petition for appeal must be filed with the clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals.”). On October 4, 2011, Whitt filed his petition for appeal with this Court, containing a single assignment of error that read as follows: “The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law.” On October 26, 2011, the Commonwealth moved to dismiss Whitt’s petition for appeal for failure to include an adequate assignment of error.[12] Whitt filed a response to the Commonwealth’s motion on November 4, 2011 requesting that this Court either deny the motion to dismiss or permit him to file an amended petition and assignment of error.[13] This Court *664 took no action on the motion to amend but rather granted Whitt’s petition and directed the parties to address the following additional question:
Is an assignment of error stating “[t]he circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law,” an insufficient assignment of error under Rule 5A:12(c)(l)(ii) and, if so, does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011)?
A panel of this Court held that it was without active jurisdiction to consider Whitt’s appeal, and consequently dismissed it. Chatman v. Commonwealth, 60 Va.App. 622, 731 S.E.2d 24 (2012). The Court subsequently decided on its own motion to rehear the appeal en banc, pursuant to Code § 17.1-402(D).
The requirements for an acceptable assignment of error are not of recent vintage. It has long been established that “ ‘[t]he purpose of assignments of error is to point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points.’ ” Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)). Consequently, it is the duty of an appellant’s counsel “to ‘lay his finger on the error’ in his [assignments of error],” Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat’l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite an appellate court “to delve into the record and winnow the chaff from the wheat,” Loughran v. Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).
*665 Simply alleging, as Whitt has done here in his assignment of error, that the evidence was insufficient to support his convictions as a matter of law fails to point out any particular error “with reasonable certainty.” Rather than laying his finger on the error he wishes us to address, Whitt’s counsel has essentially invited us “to delve into the record and winnow the chaff from the wheat.” An assignment of error that simply alleges insufficient evidence is broad enough to encompass numerous discrete and unrelated arguments based on the various elements of any given offense (e.g., lack of the requisite intent to commit the crime or misidentifieation of the perpetrator). It would even permit an appellant to include an evidentiary argument. Rushing v. Commonwealth, 284 Va. 270, 277-78, 726 S.E.2d 333, 338 (2012) (holding that an argument regarding the admissibility of evidence may properly be made as the reason why the evidence is insufficient). But cf. John Crane, Inc. v. Hardick, 283 Va. 358, 376, 722 S.E.2d 610, 620 (2012) (recognizing that “[wjhether evidence is admissible is a separate issue from whether that evidence is sufficient,” and holding that an argument attacking only the sufficiency of the evidence does not adequately support an assignment of error challenging only the admissibility of evidence).
Were we to grant a petition for appeal containing an assignment of error that only generally alleged insufficient evidence, an appellant, in his brief on the merits, could add completely new arguments not raised in his petition as long as he had preserved such arguments below. Such maneuvers would require this Court to address arguments that it never intended to address when granting the petition. Cf. Hamilton Dev. Co. v. Broad Rock Club, 248 Va. 40, 43-44, 445 S.E.2d 140, 142-43 (1994) (refusing to consider an argument encompassed by the revised language of an assignment of error that the appellant had modified after his petition for appeal had been granted).
Thus, Whitt’s assignment of error, which alleges only a general insufficiency of the evidence as a matter of law, fails to meet the long-established standard for assignments of error. Accordingly, his petition violated Rule 5A:12(c)(l)’s require *666 ment that a petition “shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely.” Rule 5A:12(c)(l) (emphasis added); see Commonwealth Transp. Comm’r v. Target Corp., 274 Va. 341, 352-53, 650 S.E.2d 92, 98 (2007) (holding that an assignment of error stating, “The trial court erred in failing to find that the jury commissioners’ report is contrary to the evidence at trial,” violated Rule 5:17(c)). Moreover, Rule 5A:12(c)(l)(ii) requires, “If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.”
The Supreme Court has traditionally adjudged imprecise assignments of error to be in violation of the procedural requirements for assignments of error. See, e.g., Harlow, 195 Va. at 272-73, 77 S.E.2d at 853-54 (collecting and discussing cases). What the Supreme Court has done recently in Davis, as I explain in my dissent in Chatman v. Commonwealth, 61 Va.App. 618, 739 S.E.2d 245, 2013 WL 1195616 (2013) (this day decided) (en banc), is to clarify that we must dismiss for lack of active jurisdiction a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A:12(c)(l). Under the Supreme Court’s direction, Whitt’s failure to comply with the Rule’s requirements “deprives this Court of its active jurisdiction to consider the appeal,” Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(c)(l)(ii).
While agreeing that the assignment of error does not meet the requirements of Rule 5A:12, the majority argues that this Court has the power to grant the motion to amend the petition, despite the fact that the motion was filed long after the deadline for filing the petition had expired. I disagree.
As discussed above, compliance with Rule 5A:12 is a mandatory procedural requirement. This Court does not acquire active jurisdiction to consider the ease if the assignment of error does not comply with Rule 5A:12. Thus, the defective petition for appeal was not legally binding and, as such, had no *667 legal effect. See Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002) (holding that a notice of appeal that was not signed by a member of the Virginia State Bar was not legally binding and thus has no legal effect). Furthermore, an attempt to amend a pleading “presupposes a valid instrument as its object. Because the ... notice of appeal was invalid, there was nothing to amend.” Id. at 283, 568 S.E.2d at 673. That principle applies here. And, the fact that Wellmore Coal involved a notice of appeal and this ease involves a petition for appeal is of little moment—“[t]he reason why an action is without legal effect ... is of no consequence. If an action is a nullity, regardless of the reason it is such, then no legal proceeding is pending____” Johnston Mem’l Hosp. v. Bazemore, 277 Va. 308, 314, 672 S.E.2d 858, 861 (2009). Thus, because the initial petition for appeal never met the requirements of Rule 5A:12, there was no valid pleading before us to amend.
The majority’s response to the Supreme Court’s holding in Wellmore Coal and Davis is to note that neither case involved the precise legal issue we are called on to address. It is true, as the majority notes, that Wellmore Coal dealt with a defective notice of appeal, and Davis did not involve a motion to amend the assignment of error. It may well be that the Supreme Court intended to limit the application of both of those cases to the specific facts of each. However, unless and until the Supreme Court specifically does so, I believe that we are bound by the broader legal principles those cases announced. Accordingly, I take the Supreme Court at its word that we do not acquire active jurisdiction to consider an appeal unless a compliant petition for appeal is filed by the required deadline and that a deficient petition for appeal is not subject to amendment after that deadline has passed.
Because Whitt failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(l), I would vacate the order granting his petition and dismiss his appeal.[14]

. The motion to dismiss was contained in the Commonwealth’s brief in opposition.

. Whitt requested permission from this Court to file an amended petition for appeal with a modified assignment of error. However, he made this request on the seventy-first day after the record had been filed with this Court. Hence, his request was beyond the time period *664 permitted for filing a petition for appeal. See Code § 17.1-408 (providing for a potential maximum of seventy days, if the Court grants an extension of time, for the filing of a petition for appeal); Rule 5A: 12(a) (same).

. I recognize that Whitt has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.