UPON REHEARING EN BANC
McCullough, Judge.
Rule 5A:12(c)(l) requires an appellant to include “with each assignment of error” “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court.” Appellant filed a timely petition for appeal that did not comply with this Rule. Nevertheless, he did file an amended petition for appeal, after the deadline for filing his petition for appeal had passed, that satisfied the requirements of Rule 5A:12(c)(l). We conclude that dismissal is not required based on appellant’s initial failure to comply with Rule 5A:12(c)(l). On the merits of the questions presented, we hold that Chatman was properly convicted of abduction and malicious wounding and we thus affirm his convictions.
BACKGROUND
Chatman was angry at his "wife because she had taken out a criminal complaint against him. As she tried to iron some *622 clothes, he began yelling at her, telling her that she had “ruined his life.” App. at 31. He turned violent, breaking two ironing boards. The couple began to struggle over the iron. Appellant, who had boxed for eight years while in the military, struck her and “just kept hitting [her] and hitting [her].” She was crying and was in a great deal of pain. She testified that he sat on top of her and struck her with his fists, and “when he got tired of hitting me with his fist, he started beating me with the iron.” App. at 32. He then renewed the assault with his fist. She fell in and out of consciousness. The beating started on a Friday night, and she thought it ended on the morning of the following day.
The following day, she repeatedly asked him to call for help. Although she felt that she could move, she could not see anything. She also stated that she could not leave the house on her own. Both of her eyes were swollen shut. Appellant had taken off her clothes, so she was naked. He initially refused to call for help. He told her that “right now, I just want to stay here and hold you.” App. at 34. Mrs. Chatman said she “was scared because [she] didn’t know what was going to happen because [she] didn’t know if his rage and anger [were] going to come back and hurt [her] so [she] was scared.” App. at 37. Chatman later told the police that he disabled the phone lines.[1]
Appellant eventually did dress his wife and call an ambulance. He told the dispatcher that he had “beat her up” and that she was hurt. App. at 64. Eventually, Mrs. Chatman heard police officers at the door and called out for help. The deputy who responded at the scene found her “in a zombie-like state.” App. at 52. She was “wobbly on her feet,” and her eyes were “swollen shut.” App. at 52. Police found “dried blood all on the carpet,” blood spatter on the wall, and noticed that the coffee table had been flipped. App. at 53. A metal ironing board was “tipped over and bent.” App. at 56.
*623 The beating necessitated, among other things, stitches for Mrs. Chatman’s lip and a skin graft for a burn on her arm. Some of her facial bones were fractured. At the time of trial, she continued to suffer from headaches due to the concussion she experienced during the attack. Her vision remains impaired.
Chatman later admitted that he had attacked his wife but stated that he loved her. At trial, he did not dispute that there had been a physical altercation, but claimed that he “blacked out” and could not remember much of what happened. App. at 83.
Chatman was convicted of aggravated malicious wounding, in violation of Code § 18.2-51.2(A), and abduction, in violation of Code § 18.2-47.[2] He filed his petition for appeal with this Court, arguing that the trial court erred in various respects. This Court granted Chatman’s petition for appeal and directed the parties to address the following additional question:
Where, as here, the only petition for appeal filed within the time period set out in Rule 5A: 12(a) does not contain an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error was preserved in the trial court, as required by Rule 5A:12(c)(l), does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), and Rule 5A:12(c)(l)(ii)?
A divided panel of this Court held that it was without active jurisdiction to consider Chatman’s appeal, and consequently dismissed it. The Court subsequently determined on its own motion to rehear the appeal en banc, pursuant to Code § 17.1-402(D).[3]
*624 ANALYSIS
I. This Court may, in its discretion, permit a litigant to file A CORRECTED PETITION FOR APPEAL TO REMEDY AN “EXACT REFERENCE” DEFECT UNDER RULE 5A:12(c)(l), PROVIDED THAT A TIMELY PETITION FOR APPEAL HAS BEEN FILED.
A. Procedural background
The trial court record in this case was received in the clerk’s office of this Court on June 21, 2011. Rule 5A:12(a) provides that “[w]hen an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals.” Chatman’s petition for appeal, therefore, was due by July 31, 2011. Rule 5A:12(a) also provides that “[a]n extension of 30 days may be granted on motion in the discretion of this Court upon a showing of good cause sufficient to excuse the delay.” See Rule 5A:3(c)(2) (providing that a motion for an extension of time for filing a petition pursuant to Rule 5A:12(a) is timely “if filed ... within the specified extension period”); see also Code § 17.1-408 (not specifying when a motion for extension for filing a petition must be filed or granted). Chatman filed a motion for an extension of time on July 27, 2011. This Court granted that motion on August 11, 2011, extending the deadline for the filing of Chatman’s petition to August 30, 2011. On August 29, 2011, Chatman filed his petition for appeal. Chatman failed to include with the assignment of error any reference to the place in the record where the alleged error was raised in the trial court. Therefore, the petition for appeal did not comply with Rule 5A:12(c)(l), which requires that “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court ... shall be included with each assignment of error.”
On September 6, 2011, the clerk’s office of this Court notified Chatman of this and other deficiencies in his petition and directed him to submit a replacement petition within 10 days. Chatman submitted a replacement petition on Septem *625 ber 16, 2011, that again failed to contain page references to where he had preserved the alleged errors in the trial court. On September 20, 2011, this Court entered an order requiring Chatman to file a second replacement petition in compliance with Rule 5A:12(c)(l). Chatman then filed a second replacement petition. This second replacement complied with Rule 5A:12(c)(l).
Unquestionably, when the petition for appeal was filed, it did not comply with Rule 5A:12(c)(l). That Rule required, in conjunction with the assignments of error, that appellant note the exact place in the record where the alleged error was preserved in the trial court. Appellant did eventually correct this defect, albeit after the time for filing his petition for appeal had passed. The initial question before us is whether this Court may permit an appellant to file an amended petition for appeal, after the deadline for filing a petition for appeal has passed, that contains the required exact citation to the part of the record where the alleged error was raised in the trial court.
B. The plain language of Rule 5A:12(c)(l)
The plain text of Rule 5A:12(c)(l) draws a clear distinction between “the assignment of error” and the separate but related requirement that an appellant point out where the alleged error was preserved in the trial court. The requirement to provide “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved” must be included “with” the assignment of error—the exact page reference is not the assignment of error. These two separate requirements serve different roles. The purpose of the assignment of error is to alert the appellate court and opposing counsel to the precise error allegedly committed below and to limit review to that issue. The requirement of providing an exact reference to where the issue was preserved helps the appellate court to grant review only for cases where the issue was preserved, or where the ends of justice exception applies. We decline to conflate these distinct components of the Rule.
*626 Rule 5A: 12(c)(1)(ii) does not state “[i]f the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, or appellant fails to comply with the requirement to provide an exact reference to where the alleged error has been preserved, the petition for appeal shall be dismissed.” The specific language of the Rule calls for dismissal for insufficient or otherwise noncompliant assignments of error. In other words, the dismissal remedy triggered by the language “or otherwise fail to comply with the requirements of this Rule” applies only to “assignments of error.” For example, an assignment of error, in addition to being “insufficient,” i.e. too broad, could be unclear, inconsistent, or contain “extraneous argument.” Therefore, the failure to include “with each assignment of error” “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court” does not mandate dismissal.
C. Neither the statute nor the Rule forecloses this Court from allowing a litigant to correct a defect under Rule 5A:12(e)(l).
Code § 17.1-408 provides in relevant part that [t]he petition for appeal in a criminal case shall be filed not more than forty days after the filing of the record with the Court of Appeals. However, a thirty-day extension may be granted in the discretion of the court in order to attain the ends of justice. When an appeal from an interlocutory decree or order is permitted in a criminal case, the petition for appeal shall be presented within the forty-day time limitation provided in this section.
(Emphasis added).
Similarly, Rule 5A:12(a) provides that
[w]hen an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the Clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals. An extension of 30 days may be granted on motion in the discretion of this *627 Court upon a showing of good cause sufficient to excuse the delay.
A petition for appeal that is filed after the deadline must be dismissed. See Upshur v. Haynes Furniture Co., 228 Va. 595, 597, 324 S.E.2d 653, 654 (1985) (per curiam). Appellant here did not file a late petition for appeal. Neither Code § 17.1-408 nor Rule 5A:12(a) specifies that the petition for appeal must be free of all defects in order to be timely filed. Nothing in this statute or this Rule prohibits a court from considering, and where appropriate, granting, a motion to correct a defect with regard to pointing out where in the record the issue raised on appeal was preserved.
In fact, both this Court and the Supreme Court of Virginia routinely have permitted or ordered litigants to file amended briefs to correct a range of deficiencies, such as typographical errors or pages inadvertently omitted during the printing process. See, e.g., Rowe v. Commonwealth, 277 Va. 495, 500, 675 S.E.2d 161, 164 (2009) (noting that the Court of Appeals twice required appellant to file a new petition for appeal to bring it into conformity with the Rules). This practice in Virginia’s appellate courts is consistent with the understanding that appellate courts have the authority and the discretion to permit a litigant to file a corrected petition for appeal, at least with regard to some defects.
D. Failure to include “with each assignment of error” “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court” under Rule 5A:12(e)(l) does not deprive the appellate court of active jurisdiction.
In Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011) (per curiam), the Supreme Court held that a defective assignment of error deprives the court of “active jurisdiction.” Id. at 339, 717 S.E.2d at 796-97. The consequence of such a defect is dismissal of the appeal.[4] Here, as we note above, the *628 defect did not lie with the assignments of error proper, but rather with the separate, supporting requirement under Rule 5A:12(c)(l) that appellant include in the petition for appeal “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court.” Therefore, Davis is not controlling.
Providing the Court with a reference to the place in the record where an issue was preserved is certainly important, and it is mandated by the Rules. But failing to meet this requirement is conceptually distinct from defects in the assignment of error. Therefore, we see no reason why an appellate court would be deprived of its active jurisdiction to adjudicate this appeal—or why it could not require or permit a litigant to correct the defect by filing an amended petition for appeal.
E. Reflexive dismissal for defects under Rule 5A:12(e)(l) would be unwarranted.
As we note in the companion case, Whitt v. Commonwealth, 61 Va.App. 637, 739 S.E.2d 254, 2013 WL 1195624 (2013) (this day decided) (en banc), dismissal is a harsh remedy. The responsibility for filing a corrected petition for appeal falls on the attorney. The consequences of dismissing an appeal fall hardest on the client, even though the mistake was made by counsel. It is up to the client, who must now navigate an unfamiliar legal process, to see to it that the dismissed appeal is reinstated. Some appeals will never be reinstated. Others will be reinstated, but only after a delay of many months. The prompt and efficient administration of justice is best served by permitting a simple amendment to correct a defect under Rule 5A:12(c)(l).
We therefore conclude that appellant, who timely filed a petition for appeal, can file an amended petition for appeal, even after the deadline for filing the petition for appeal had *629 passed, that corrects the defect under Rule 5A:12(c)(l). We now proceed to address the merits of Chatman’s appeal.
II. The evidence is sufficient to establish Chatman’s guilt.
Chatman contends that the evidence was insufficient to prove abduction and malicious wounding. We find his arguments unpersuasive.
A. Abduction
Chatman argues the evidence was insufficient to support his abduction conviction because he lacked an intent to abduct and any detention of the victim was incidental to the assault. When considering a challenge to the sufficiency of the evidence presented at trial, we “presume the judgment of the trial court to be correct” and reverse only if the trial court’s decision is “plainly wrong or without evidence to support it.” Davis v. Commonwealth, 39 Va.App. 96, 99, 570 S.E.2d 875, 876-77 (2002). Even if our opinion were to differ, we do not “substitute our judgment for that of the trier of fact.” Wactor v. Commonwealth, 38 Va.App. 375, 380, 564 S.E.2d 160, 162 (2002). The relevant question, “after reviewing the evidence in the light most favorable to the prosecution,” is “whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). “This standard of review applies not only to the historical facts themselves, but the inferences from those facts as well.” McEachern v. Commonwealth, 52 Va.App. 679, 684 n. 2, 667 S.E.2d 343, 345 n. 2 (2008) (citation and internal quotation marks omitted).
Code § 18.2-47(A), under which Chatman was convicted, provides:
Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or *630 institution lawfully entitled to his charge, shall be deemed guilty of “abduction.”
“Intent is the purpose formed in a person’s mind and may be, and frequently is, shown by circumstances[,]” including “[his] conduct” and “his statements.” Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969).
The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.
Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citation omitted).
The victim testified that she was scared because she did not know what was going to happen and she did not know “when his rage and anger [were] going to come back and hurt [her].” An abduction can occur by force or intimidation. Code § 18.2-47(A). The factfinder reasonably could infer that appellant, by force or intimidation, intended to and did prevent Mrs. Chatman from leaving the home against her will when he took off her clothes, refused to seek help after rendering her helpless, insisted on holding her, and disabled or hid the telephones.
Moreover, the abduction was not intrinsic to the malicious wounding. The Supreme Court has held that one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime. Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985). Here, the conduct underlying the abduction conviction occurred after the malicious wounding. Therefore, the abduction was “separate and apart from” the malicious wounding and was not incidental to it. See, e.g., *631 Smith v. Commonwealth, 56 Va.App. 711, 720-24, 697 S.E.2d 14, 18-20 (2010); Fields v. Commonwealth, 48 Va.App. 393, 632 S.E.2d 8 (2006).
B. Malicious Wounding
Chatman argues the evidence was not sufficient to prove he intended to maim, disfigure, disable or kill the victim and, thus, does not support his malicious wounding conviction. Chatman did not challenge his malicious wounding conviction in his motion to strike or closing argument.
Under Rule 5A:18, “a challenge to the sufficiency of the Commonwealth’s evidence is waived if not raised with some specificity in the trial court.” Mounce v. Commonwealth, 4 Va.App. 433, 435, 357 S.E.2d 742, 744 (1987). By failing to specifically challenge the sufficiency of the evidence supporting the malicious wounding charge, appellant waived his right to raise that argument on appeal. See, e.g., Scott v. Commonwealth, 58 Va.App. 35, 44-46, 707 S.E.2d 17, 22-23 (2011) (holding the defendant’s motion to strike the evidence as to one charge did “not also function as a motion to strike” as to another charge).[5]
CONCLUSION
We affirm Chatman’s convictions for malicious wounding and abduction.

Affirmed.

. At trial, he testified that he hid the telephones before leaving.

. Chatman was also convicted of assault and battery of a family member, in violation of Code § 18.2-57.2, but assigned no error pertinent to that conviction on appeal.

. By determining to rehear the case en banc, the Court vacated the previous panel decision. See Logan v. Commonwealth, 47 Va.App. 168, 170, 622 S.E.2d 771, 772 (2005) (enbanc).

. As we note in Whitt v. Commonwealth, 61 Va.App. 637, 739 S.E.2d 254, 2013 WL 1195624 (this day decided) (en banc), some defects are *628 amenable to correction so as to enable the appellate court to exercise its active jurisdiction.

. To the extent appellant raises the ends of justice exception under Rule 5A:18, this exception does not apply because the record does not affirmatively establish that an element of the offense did not occur. See, e.g., Brittle v. Commonwealth, 54 Va.App. 505, 514, 680 S.E.2d 335, 340 (2009) (delineating the narrow circumstances under which the ends of justice exception applies).