PETTY, J., with whom FRANK, HUMPHREYS, and HUFF, JJ., join,
dissenting.
I believe that Chatman failed to comply with Rule 5A:12(c)(l). Moreover, in light of the Supreme Court’s pub *632 lished order in Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011), I also believe that this failure requires us to dismiss Chatman’s appeal for lack of active jurisdiction. Accordingly, I dissent.
Rule 5A:12(a) states that “[w]hen an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals.” The trial court record in this case was received in the clerk’s office of this Court on June 21, 2011. Thus, Chatman’s petition for appeal was originally due by July 31, 2011. However, Rule 5A:12(a) also provides that “[a]n extension of 30 days may be granted on motion in the discretion of this Court upon a showing of good cause sufficient to excuse the delay.” See Rule 5A:3(c)(2) (providing that a motion for an extension of time for filing a petition pursuant to Rule 5A: 12(a) is timely “if filed ... within the specified extension period”); see also Code § 17.1-408 (not specifying when a motion for extension for filing a petition must be filed or granted). Chatman filed a motion for an extension of time on July 27, 2011, and this Court granted that motion on August 11, 2011, extending the deadline for the filing of Chatman’s petition to August 30, 2011. On August 29, 2011, Chatman filed his original petition for appeal.
Rule 5A: 12(c)(1) requires that “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court ... shall be included with each assignment of error.” The assignments of error in Chatman’s original petition contained no such references. On September 6, 2011, the clerk’s office notified Chatman of this and other deficiencies in his petition and directed him to submit a replacement petition within ten days. On September 16, 2011, Chatman submitted a replacement petition that again failed to contain page references to where he had preserved the alleged errors in the trial court. On September 20, 2011, this Court entered an order requiring Chatman to file a second replacement petition in compliance *633 with Rule 5A:12(c)(l). Chatman then filed a second replacement petition.[6]
After our order directing Chatman to file a second replacement petition to correct the deficient assignments of error, the Supreme Court entered a published order in the case of Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011).[7] In Davis, the Supreme Court dismissed an appeal for failure to comply with Rule 5:17(c)(l)(ii). Rule 5:17 is the Supreme Court’s counterpart to this Court’s Rule 5A:12. Under Rule 5:17(c)(l)(ii), “When appeal is taken from a judgment of the Court of Appeals, only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals may be included in the petition for appeal to [the Supreme] Court.” The assignment of error in Davis alleged error in the trial court rather than in this Court, thereby violating the Rule’s directive. Under Rule 5:17, “An assignment of error that does not address the findings or rulings in the ... tribunal from which an appeal is taken ... is not sufficient. If the assignments of error are insufficient, the petition for appeal shall be dismissed.” Rule 5:17(c)(l)(iii) (emphasis added).
Accordingly, pursuant to the dictates of Rule 5:17, the Supreme Court dismissed the appeal in Davis because the assignment of error “[did] not address any finding or ruling of the Court of Appeals.” Davis, 282 Va. at 340, 717 S.E.2d at *634 797. As the Supreme Court explained, “[b]y prescribing dismissal of the appeal, [Rule 5:17(c)(l)(iii) ] established] that the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives [the Supreme] Court of its active jurisdiction[8] to consider the appeal.” Id. at 339, 717 S.E.2d at 796-97 (emphasis added) (citing Smith v. Commonwealth, 281 Va. 464, 467-68, 706 S.E.2d 889, 891-92 (2011); Jay v. Commonwealth, 275 Va. 510, 518-19, 659 S.E.2d 311, 315-16 (2008)).
As I stated above, Rule 5A:12(c)(l) requires that “[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court ... shall be included with each assignment of error.” With dismissal language mirroring that in Rule 5:17, Rule 5A:12 provides: “If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.” Rule 5A:12(c)(l)(ii) (emphasis added). Because the Supreme Court has interpreted Rule 5:17’s language, “shall be dismissed,” as prescribing mandatory dismissal for lack of active jurisdiction, I am left with no alternative but to conclude that our counterpart Rule 5A:12’s identical language, “shall be dismissed,” also requires dismissal for lack of active jurisdiction.[9]
*635 Here, the only petition Chatman timely filed under Rule 5A: 12(a) was the initial petition filed on August 29, 2011.[10] As already noted, the assignments of error in this petition did not contain any references to where Chatman had preserved the alleged errors in the proceedings below. Thus, the assignments of error failed to comply with the requirements of Rule 5A:12(c)(l). Furthermore, because the initial petition was non-compliant, I do not believe that we can consider an amended petition filed beyond the deadline. Cf. Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002) (per curiam) (holding that an amended notice of appeal filed beyond the jurisdictional thirty-day period contained in Rule 5:9(a) was invalid where the original notice of appeal was defective). Therefore, as the Supreme Court has instructed us, Chatman’s failure to comply with the Rule’s requirements “deprives this Court of its active jurisdiction to consider the appeal,” Davis, 282 Va. at 339, 717 S.E.2d at 796-97, and requires that we dismiss the appeal, see Rule 5A:12(e)(l)(ii).[11]
*636 The majority argues that by requiring that an exact page reference “shall be included with each assignment of error,” Rule 5A:12(c)(l), the Supreme Court did not intend the page reference to be a part of the assignment of error. However, “[t]he plain language used by the [Supreme Court] controls our decision, unless that language is ambiguous or otherwise leads to an absurd result.” Reston Hosp. Ctr. v. Remley, 59 Va.App. 96,106, 717 S.E.2d 417, 422-23 (2011). Here, I do not believe that the plain meaning of the Rule permits such an interpretation. The word “include” is defined as “to contain as a part of something.” Black’s Law Dictionary 831 (9th ed.2009). Furthermore, the subsection requiring a page reference is entitled “Assignments of Error.” Cf. Hawkins v. Commonwealth, 255 Va. 261, 269, 497 S.E.2d 839, 842 (1998) (“A title may be read in an attempt to ascertain an act’s purpose, though it is no part of the act itself.”). Both of these considerations certainly suggest to me that the Supreme Court intended the page reference to be a necessary component of the assignment of error and not a separate and distinct requirement.
*637 Because Chatman failed to timely file a petition for appeal that complied with the requirements of Rule 5A:12(c)(l), I would vacate the order granting his petition and dismiss his appeal.[12]

. Heretofore, it had been this Court's practice to permit amendments to non-conforming petitions for appeal after the filing deadline had passed. Indeed, the language of former Rule 5A: 12(c) before the July 1, 2010 amendments contained no mention of dismissal for failure to comply with its requirements. However, with the amendment of Rule 5A: 12(c) to mandate dismissal of a petition "[i]f the assignments of error ... fail to comply with the requirements of this Rule," Rule 5A:12(c)(l)(ii), coupled with the Supreme Court's recent interpretation and application of such mandatory dismissal language in Davis, I do not believe that our previous practice is permissible. Henceforth, I believe that we must dismiss a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A: 12(c)(1) if not corrected prior to the deadline for filing.

. The Supreme Court denied Davis’s petition for rehearing on January 20, 2012.

. The Supreme Court has explained that "subject matter jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, ... becomes 'active' jurisdiction ... only when various elements are present,” including subject matter jurisdiction, territorial jurisdiction, notice jurisdiction, " 'and the other conditions of fact [that] must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree.’ ” Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010) (quoting Bd. of Supervisors v. Bd. of Zoning Appeals, 271 Va. 336, 344, 626 S.E.2d 374, 379 (2006)). Of course, any jurisdictional requirement other than subject matter jurisdiction may be waived, and the absence of non-subject matter jurisdictional elements renders a resulting judgment or opinion merely voidable, not void. See Porter v. Commonwealth, 276 Va. 203, 228-29, 661 S.E.2d 415, 426-27 (2008).

. While we may at times refer to the procedural rules applicable to proceedings in this Court as "our Rules” or "the Rules of this Court,” *635 see Rule 5A:l(b) ("These Rules may be cited generally as the 'Rules of the Court of Appeals of Virginia .... ”), we recognize the Supreme Court's conclusion that the provisions of Part 5A of the Rules of the Supreme Court are "precisely that—Rules of [the Supreme] Court,” LaCava v. Commonwealth, 283 Va. 465, 471, 722 S.E.2d 838, 840 (2012). Accordingly, we are bound by that Court's interpretation of the Rules. See LaCava, 283 Va. at 469-71, 722 S.E.2d at 840.

. Although Rule 5A: 12(a) provides for the granting of a thirty-day extension, this Court had already granted Chatman such an extension, extending the filing deadline for his petition from July 31, 2011 to August 30, 2011. Thus, August 30, 2011 was the last day Chatman had on which to file a conforming petition before we lost active jurisdiction over his appeal.

. I note that in Jay, the Supreme Court appeared to limit the remedy of dismissal to jurisdictional violations. 275 Va. at 517, 659 S.E.2d at 315 ("By dismissing rather than denying the appeals, the Court of Appeals rendered the requirements of Rule 5A:20(e) jurisdictional."). Subsequently, in 2010, Rule 5:1A was added to the Rules of the Supreme Court, providing that "[the Supreme] Court may dismiss an appeal or impose such other penalty as it deems appropriate for noncompliance with these Rules.” Rule 5:lA(a) (emphasis added); see also Rule 5A:26 ("If an appellant fails to file a brief in compliance with these *636 Rules, the Court of Appeals may dismiss the appeal.” (emphasis added)). The new Rule also authorizes the Court, prior to dismissal, to allow a party in violation a chance to correct most defects. See Rule 5:lA(a). Hence, this Rule raises the question of whether the remedy of dismissal continues to be limited to jurisdictional violations. See McDowell v. Commonwealth, 282 Va. 341, 343, 718 S.E.2d 772, 774 (2011) (dismissing an appeal for appellant’s failure to properly preserve an issue in the trial court). However, in 2011, the Supreme Court reaffirmed its holding in Jay that “by dismissing the appeal rather than denying it, the Court of Appeals erroneously rendered [Rule 5A:20(e) ] jurisdictional.” Smith, 281 Va. at 468, 706 S.E.2d at 892. Moreover, the Court in Davis cited both Jay and Smith in support of its holding that the dismissal language of Rule 5:17(c)(l)(iii) implies that insufficient assignments of error "deprive[] [the] Court of its active jurisdiction to consider the appeal.” Davis, 282 Va. at 339, 717 S.E.2d at 796-97. In light of the Supreme Court’s repeated affirmation of the idea that dismissal implies lack of jurisdiction, I believe that we are obligated to adhere to this principle in our analysis. But see Wilson v. Commonwealth, No. 120440 (Va. Oct. 19, 2012) (holding that an appellant’s failure to comply with Rule 5:17(c)(l)(iii)'s requirement to assign error to the pertinent rulings of the Court of Appeals instead of the findings of the trial court meant merely that appellant's argument was waived).

. I recognize if this appeal were dismissed that Chatman would have the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.