739 S.E.2d 224

**Donte Lavell BROOKS**

v.

**COMMONWEALTH of Virginia.**

**Record No. 2708–10–1.**

Court of Appeals of Virginia,
Richmond.

March 26, 2013.

---

Petty, J., filed concurring opinion, in which Frank and Humphreys, JJ., joined.

Huff, J., filed dissenting opinion.

578

Kenneth L. Singleton, for appellant.

Alice T. Armstrong, Assistant Attorney General II (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.

Present: FELTON, C.J., and ELDER, FRANK, HUMPHREYS, KELSEY, PETTY, BEALES, ALSTON, McCULLOUGH, HUFF and CHAFIN., JJ.

## UPON REHEARING EN BANC

McCULLOUGH, Judge.

The question before us in this appeal is whether appellant, Donte Lavell Brooks, failed to comply with Rule 5A:12(c)(1), which requires him to include with each assignment of error "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court." (Emphasis added). We conclude that Brooks did not comply with the requirements of the Rule. We further conclude that although such defects do not mandate dismissal, dismissal is appropriate here given Brooks's repeated failure to correct the defect in spite of multiple opportunities to do so.

## BACKGROUND

Brooks was convicted of possession of cocaine, in violation of Code § 18.2–250. He filed his petition for appeal with this Court, arguing that the trial court erred in various respects. This Court granted Brooks's petition for appeal and directed the parties to address the following additional question:

> [W]hether the petition for appeal should be dismissed under Rule 5A:12 on the basis (1) that appellant's petition for appeal did not contain—on or before June 8, 2011, the deadline for filing appellant's petition for appeal in this Court—any reference to "the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken, or (2) that appellant's June 27, 2011 replacement petition for appeal did not contain "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court" from which the appeal is taken. *See* Rule 5A:12(c)(1); *Davis v. Commonwealth*, 282 Va. 339, 717 S.E.2d 796 (2011).

A divided panel of this Court held that it was without active jurisdiction to consider Brooks's appeal, and consequently dismissed it. We subsequently determined on our own motion to rehear the appeal en banc, pursuant to Code § 17.1–402(D).[2] On rehearing en banc, we dismiss Brooks's appeal.

## ANALYSIS

### I. THE PURPOSE OF RULE 5A:12(C)(1)

■ Rule 5A:12(c)(1) requires that "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court ... shall be included with each assignment of error." (Emphasis added). The purpose of this requirement is to

---

**2.** By determining to rehear the case en banc, the Court vacated the previous panel decision. *See Logan v. Commonwealth*, 47 Va.App. 168, 170, 622 S.E.2d 771, 772 (2005) (en banc).

efficiently put the appellate court on notice as to where the party satisfied Rule 5A:18 to spare the Court from having to comb the entire record to determine whether and where the alleged error was preserved. The exact reference requirement in Rule 5A:12(c)(1) was a part of the revisions to the Rules that became effective July 1, 2010.[3]

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice."

*Redman v. Commonwealth,* 25 Va.App. 215, 220, 487 S.E.2d 269, 272 (1997) (omission in original) (quoting *Brown v. Commonwealth,* 8 Va.App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, Rule 5A:18 "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." *Gardner v. Commonwealth,* 3 Va.App. 418, 423, 350 S.E.2d 229, 232 (1986). Compliance with the exact reference requirement of Rule 5A:12(c)(1) enables this Court to identify the argument of the appellant at the trial level and the ultimate ruling made in the court below, and helps this Court to avoid improvidently awarded appeals.

---

**3.** For the April 30, 2010 order of the Supreme Court amending the Rules, *see* http://www.co urts.state.va.us/courts/scv/amendments/2010_0513_part_five_and_part_five_a.pdf.

## II. APPELLANT'S DESIGNATION OF THE NEAR ENTIRETY OF THE TRANSCRIPT DOES NOT SATISFY THE EXACT REFERENCE REQUIREMENT OF RULE 5A:12(C)(1).

■ Brooks included two assignments of error in his replacement petition for appeal. For his first assignment of error, that "the trial court erred when it did not suppress the evidence obtained from the search of the vehicle," Brooks cited to pages 3–39, the portion of the transcript containing the entire hearing on the motion to suppress, as his reference to where the alleged error was preserved below. Likewise, for his second assignment of error that "the trial court erred when it found the circumstantial evidence sufficient to convict [him] of possession of the cocaine," Brooks cited to pages 39–67 for his second assignment of error. This constitutes the near entirety of the trial.[4]

As a threshold matter, we conclude that appellant's citations here do not constitute an "exact" reference "to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court." Certainly, the broad reference encompasses his specific objections and the trial court's rulings. Also included, however, are many pages of irrelevant material, thus precluding the Court from efficiently locating where appellant preserved the issue raised on appeal. Such broad references, if accepted, would deprive Rule 5A:12(c)(1) of any utility.[5] Satisfying the Rule's requirement to provide an exact reference in the record where the alleged error was preserved is not an onerous burden and can be met by simply citing the page(s) of the record where the objection or motion below was made.

---

4. In light of our disposition, we need not address whether the assignments of error are crafted with sufficient precision.

5. We recognize that appellate courts must have some latitude in determining what constitutes an "exact" reference. A needlessly strict construction of the term would result in unwarranted dismissals. Regardless of how liberally one might construe the term, however, the references at issue here do not comply with the Rule.

III. THIS COURT IS NOT REQUIRED TO DISMISS PETITIONS FOR
APPEAL THAT DO NOT COMPLY WITH THE EXACT REFERENCE
REQUIREMENT OF RULE 5A:12(c)(1).

■ The next question is whether this failure mandates dismissal. We conclude that dismissal for failure to cite to the exact place in the record where the issue has been preserved is not required for several reasons. First and foremost, the plain text of the Rule does not require dismissal. Second, automatic dismissal would needlessly harm litigants and the timely, efficient adjudication of justice. Finally, avoiding automatic dismissal is most consistent with one of the stated goals of the committee constituted to revise the appellate rules, namely, to "mak[e] the rules more fair, efficient, and user friendly." Supreme Court of Virginia, Appellate Rules Advisory Committee, Report of the Committee 3 (June 9, 2008).

The plain text of Rule 5A:12(c)(1) draws a clear distinction between "the assignment of error" and the separate but related requirement that an appellant point out where the alleged error was preserved in the trial court. The appellant must provide "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved" "with" the assignment of error— this exact reference is not *the* assignment of error. These two separate requirements serve different functions. The purpose of the assignment of error is to alert the appellate court and opposing counsel to the precise error allegedly committed below and to limit review to that issue. The requirement of providing an exact reference to where the issue was preserved helps the Court grant review only for cases where the issue was preserved, or where the ends of justice exception applies. We decline to conflate these two distinct requirements.

Moreover, Rule 5A:12(c)(1)(ii) does not state "[i]f the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, *or appellant fails to comply with the requirement to provide an exact reference to where the alleged error has been preserved,* the petition for appeal shall be dismissed." The specific language of the Rule calls

for dismissal for insufficient or otherwise noncompliant *assignments of error.* In other words, the dismissal remedy triggered by the language "or otherwise fail to comply with the requirements of this Rule" applies only to "assignments of error." For example, an assignment of error, in addition to being "insufficient," *i.e.* too broad, could be unclear, inconsistent, or contain "extraneous argument." As we note in *Whitt v. Commonwealth,* 61 Va.App. 637, 739 S.E.2d 254, 2013 WL 1195624 (2013) (this day decided) (en banc), such deficiencies, if not corrected or amenable to correction, will result in dismissal.

Dismissing a petition for appeal for any defect pursuant to Rule 5A:12(c)(1)(ii), no matter how inconsequential the defect, would create a number of problems. Foremost among these is the fact that the reflexive dismissal remedy would punish the client when the mistake, and a relatively minor one at that, was made by his attorney.[6] The remedies available following dismissal, petitioning for a delayed appeal or for a writ of habeas corpus, are less than promising. First, most litigants will not avail themselves of either of these remedies. Second, the process is cumbersome for those appellants who choose to pursue one of these potential avenues of relief. The Court must first dismiss the claim. Then, the appellant must initiate a separate proceeding, either by petitioning for a writ of habeas corpus or by resorting to Code § 19.2–321.1. A court must adjudicate the claim and grant relief. If the appellant is successful, the appeal is reinstated. Then and only then, many months later, can a conforming brief be filed. It is difficult to fathom why these protracted and convoluted remedies are preferable to the simple expedient of permitting counsel to insert a few lines in a corrected amended brief while the appeal still is pending.

Reflexively dismissing noncompliant petitions for appeal would also be unwise because, at least in some cases, it may

---

**6.** Although persons accused of committing crimes would bear the brunt of a mandatory rule of dismissal, there is no doubt that appeals brought by the Commonwealth would also suffer from a contrary ruling.

not be clear what constitutes an exact reference to the record. For example, suppose that a litigant in good faith designates a motion to strike, which incorporates by reference points made in an earlier motion to strike. Will the Rule be satisfied if counsel cites to the renewed motion—or must the petition for appeal also cite to the earlier motion to strike? If counsel guesses wrong with regard to what constitutes an exact reference, the appeal should not face automatic dismissal. Or, suppose there is a typographical error with regard to where the issue was preserved, *e.g.*, appellant states that the issue was preserved on Transcript p. 354 when the correct place is p. 345. Litigants and attorneys would face apprehension, confusion, and frustration based on the risk that they may not have designated the exact portion of the record where the issue had been preserved. Allowing corrective amendments with regard to the exact reference requirement permits the appeal to proceed and ensures the efficient administration of justice. Permitting corrective amendments for such situations also constitutes the reading of the Rule that is the most "fair, efficient, and user friendly."

Furthermore, if dismissal were mandated with no opportunity for correction, the attention of the appellate judges of this Court, and, presumably, the Justices of the Supreme Court, would be diverted to addressing motions to dismiss for inexact references to the record, rather than adjudicating the merits of cases. Offering the opportunity to cure the defect, or granting it when requested, does not entail a significant expenditure of court resources or of the judges' time. In the vast majority of cases where such a defect is present, the clerk's office readily can identify most of these defects and require counsel to file a conforming brief, with no intervention needed by the judges.

This is not to say that the requirement to state where the issue has been preserved can be ignored by appellants. Remedies short of dismissal, however, are available in the event appellant fails to note where the issue was preserved. Specifically, counsel could seek, or the Court could compel, the filing of an amended brief that complies with this Rule.

IV. THIS COURT MAY EXERCISE ITS DISCRETION TO DISMISS
FOR REPEATED FAILURES TO COMPLY WITH THE RULES.

■ We now turn to the petition at hand. Brooks initially filed a petition for appeal that did not contain any reference to the exact place in the record where the issue was preserved, in plain violation of the Rules. His second, amended petition for appeal designated the entire trial transcript. Such an imprecise designation does not, in our view, constitute "[a]n exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved." Therefore, the amended petition for appeal did not comply with Rule 5A:12(c)(1).

■ Although the Rules do not mandate the harsh sanction of dismissal, the remedy of dismissal nonetheless may constitute an appropriate exercise of discretion in some situations, whether at the petition stage or after an appeal has been granted. Dismissal is appropriate here where counsel for appellant, despite multiple opportunities to cure the defect in his petition for appeal, did not do so.[7] Moreover, there is no request before the Court to file an amended brief to correct the defect. Therefore, we exercise our discretion to dismiss the case.[8]

## CONCLUSION

The appeal is dismissed.

*Dismissed.*

---

7. We further note that once this Court grants the petition for appeal, Rules 5A:20 and 5A:26, rather than Rule 5A:12, govern the opening brief. Rule 5A:20(c) provides that an opening brief must contain "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:26 provides that this Court *"may* dismiss the appeal" whenever the "appellant fails to file a brief in compliance with these Rules." (Emphasis added).

8. We recognize that Brooks has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2–321.1.

PETTY, J., with whom FRANK and HUMPHREYS, JJ., join, concurring.

Rule 5A:12(c)(1) requires that "[a]n *exact* reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court ... shall be included with each assignment of error." (Emphasis added). In Brooks's replacement petition for appeal, he included two assignments of error. For his first assignment of error, that "the trial court erred when it did not suppress the evidence obtained from the search of the vehicle," Brooks cited to the portion of the transcript containing the entire hearing on the motion to suppress as his reference to where the alleged error was preserved below. Likewise, Brooks cited the portion of the transcript containing the entire trial, including the arraignment, for his second assignment of error, that "the trial court erred when it found the circumstantial evidence sufficient to convict [him] of possession of the cocaine."

In order to ascertain how "exact" a petitioner's reference must be to comply with Rule 5A:12(c)(1), I believe it to be helpful to restate the reason behind requiring an "exact" reference in the first place.[9] Under Rule 5A:18, "[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

"The laudatory purpose behind Rule 5A:18 ... is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice

---

**9.** I recognize that appellate courts must have some latitude in defining the term "exact" to ensure that slightly overbroad or erroneous page references do not result in unwarranted dismissals. Regardless of how liberally one might construe the term, however, in the context of this case, the reference to the entire hearing or trial transcript is inexact.

and are to be strictly enforced except where the error has resulted in manifest injustice."

*Redman v. Commonwealth,* 25 Va.App. 215, 220, 487 S.E.2d 269, 272 (1997) (omission in original) (quoting *Brown v. Commonwealth,* 8 Va.App. 126, 131, 380 S.E.2d 8, 10 (1989)). Furthermore, Rule 5A:18 "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." *Gardner v. Commonwealth,* 3 Va.App. 418, 423, 350 S.E.2d 229, 232 (1986).

The role of an appellate court is to review alleged errors by the court below, and the intent behind the requirement for an "exact reference to the pages of the transcript ... where the alleged error has been preserved in the trial court ... from which the appeal is taken," Rule 5A:12(c)(1), is to efficiently put this Court on notice of where the party satisfied Rule 5A:18 without requiring that we engage in what would be akin to a scavenger hunt to find it. Furthermore, compliance with the Rule enables this Court quickly to identify the argument of the appellant at the trial level and the ultimate ruling made in the court below.

Satisfying the requirement of Rule 5A:12(c)(1) to provide an exact reference in the record where the alleged error was preserved is not an onerous burden and can be met by simply citing the page(s) of the record where the objection or motion below was made and the grounds stated. It is clear that Brooks has not done so in this case. By citing the entire transcript of the proceedings on the motion to suppress and the trial below, Brooks attempts to circumvent the obvious purpose behind the Rule. While his broad reference necessarily encompasses his specific objections and the trial court's rulings, it also includes many pages of testimony that contain neither a part of any allegation by Brooks of potential error by the trial court nor Brooks's supporting legal theory. Thus, instead of enabling this Court to readily and efficiently identify the points at which he stated his legal position to the trial

court, Brooks would require us to search through the entire proceedings below to identify such points. Indeed, if such broad references were sufficient, the Rule would be superfluous.

Rule 5A:12(c)(1)(ii) requires, "If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed." As I explain in *Chatman v. Commonwealth,* 61 Va.App. 618, 739 S.E.2d 245, 2013 WL 1195616 (2013) (this day decided) (en banc) (Petty, J., dissenting), I believe that the amended mandatory dismissal language of Rule 5A:12(c)(1), together with the Supreme Court's recent directive in *Davis,* requires us to dismiss a petition for appeal containing assignments of error that fail to comply with the requirements of Rule 5A:12(c)(1). Brooks's replacement petition for appeal in this case contained assignments of error that failed to comply with a mandatory requirement of Rule 5A:12(c)(1). Thus, under the Supreme Court's direction, Brooks's failure to comply with the Rule's requirements "deprives this Court of its active jurisdiction to consider the appeal," *Davis,* 282 Va. at 339, 717 S.E.2d at 796–97, and requires dismissal of the appeal, *see* Rule 5A:12(c)(1)(ii).[10]

Because Brooks failed to file a petition for appeal that complied with the requirements of Rule 5A:12(c)(1), I would vacate the order granting his petition and dismiss his appeal.[11]

---

**10.** I am not unsympathetic with the majority's observation that Rule 5A:12 does not seem to advance the stated intent of the Appellate Rules Advisory Committee, which is to make the rules more fair, efficient, and user friendly. However, rather than apply a strained reading of the Rule to accomplish that goal, I believe that the better course is simply to amend the Rules.

**11.** Of course, as I stated in *Chatman,* this jurisdictional requirement may be waived and the failure to comply with Rule 5A:12 renders a resulting judgment merely voidable, not void. *Chatman,* 61 Va.App. at 627 n. 4, 739 S.E.2d at 249 n. 4. Further, I agree that Brooks has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2–321.1.

HUFF, J., dissenting.

While I agree with the majority that the inclusion of exact page references to the transcript is required by the Rule, I believe the page references in this case were adequate to satisfy the exactitude requirement and alert us to the issues on appeal. Making "an exact reference" to the preserved error may fairly include the statement of the objection, the grounds asserted, the trial court's ruling, and the noting of an exception (if required). If those facets of the issue comprise an entire transcript, as they did here, then citing to the entire transcript satisfies the Rule's requirement of "an exact reference to the pages of the transcript ... where the alleged error has been preserved...." Rule 5A:12(c)(1). Thus, I would address the merits of the appeal.

With regard to appellant's first contention that the trial court erred in denying his motion to suppress, appellant argues that the search of his vehicle was improper because there was no reasonable belief of the existence of a weapon within appellant's immediate control.

"To prevail on appeal, 'the defendant must show that the trial court's denial of his suppression motion, when the evidence is considered in the light most favorable to the prosecution, was reversible error.'" *Slayton v. Commonwealth*, 41 Va.App. 101, 105, 582 S.E.2d 448, 450 (2003) (quoting *Whitfield v. Commonwealth*, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003)). " 'Though the ultimate question whether the officers violated the Fourth Amendment triggers *de novo* scrutiny, we defer to the trial court's findings of historical fact and give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" *Id.* at 105, 582 S.E.2d at 449–50 (quoting *Barkley v. Commonwealth*, 39 Va. App. 682, 689–90, 576 S.E.2d 234, 237–38 (2003)).

"In *Terry v. Ohio*, 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889] (1968), the United States Supreme Court approved 'a protective search for weapons in the absence of probable cause to arrest ... when [a police officer] possesses an articulable suspicion that an individual is armed and dangerous.'" *Pier-*

*son v. Commonwealth,* 16 Va.App. 202, 204, 428 S.E.2d 758, 759 (1993) (alteration in original) (quoting *Michigan v. Long,* 463 U.S. 1032, 1034, 103 S.Ct. 3469, 3473, 77 L.Ed.2d 1201 (1983); *Lansdown v. Commonwealth,* 226 Va. 204, 211–12, 308 S.E.2d 106, 111 (1983), *cert. denied,* 465 U.S. 1104, 104 S.Ct. 1604, 80 L.Ed.2d 134 (1984)).

> Recognizing the " 'inordinate risk confronting an officer as he approaches a person seated in an automobile,' " *Long,* 463 U.S. at 1048 [103 S.Ct. at 3480] (quoting *Pennsylvania v. Mimms,* 434 U.S. 106, 110 [98 S.Ct. 330, 333, 54 L.Ed.2d 331] (1977)), the Court has extended such protective searches "beyond the person," including "areas" of the "passenger compartment of an automobile in which a weapon may be placed or hidden."

*Id.* (quoting *Long,* 463 U.S. at 1049–50, 103 S.Ct. at 3480–81; *Glover v. Commonwealth,* 3 Va.App. 152, 156, 348 S.E.2d 434, 437–38 (1986), *aff'd,* 236 Va. 1, 372 S.E.2d 134 (1988)). Moreover, "[i]f the officer 'should ... discover contraband other than weapons' during this investigation, 'he ... cannot be required to ignore [it], and the Fourth Amendment does not require its suppression in such circumstances.' " *Id.* at 204, 428 S.E.2d at 759–60 (second alteration in original) (quoting *Long,* 463 U.S. at 1050, 103 S.Ct. at 3481).

In the present case, the officer conducted a lawful traffic stop during which he observed appellant reach toward the back seat of his vehicle as well as into the glove compartment. Appellant then refused to check the glove compartment for his registration information, even after the officer suggested he look there. After the officer returned to his patrol vehicle with appellant's driver's license, he again saw appellant reach toward the glove compartment. On this basis, the officer reasonably believed that appellant "was trying to get to something, a firearm." Thus, the officer was entitled to conduct a protective search of the glove compartment in which a weapon could have been hidden. Accordingly, the trial court did not err in denying appellant's motion to suppress.

With regard to appellant's contention that the trial court erred in finding the evidence sufficient to support the conviction, appellant argues the evidence did not prove he possessed the cocaine.

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" *Wood v. Commonwealth,* 57 Va.App. 286, 296, 701 S.E.2d 810, 815 (2010) (quoting *Davis v. Commonwealth,* 39 Va.App. 96, 99, 570 S.E.2d 875, 876–77 (2002)).

> Possession may be actual or constructive. Constructive possession exists when "an accused has dominion or control over the drugs." Such "possession may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."

*Brown v. Commonwealth,* 15 Va.App. 1, 7–8, 421 S.E.2d 877, 882 (1992) (en banc) (quoting *Castaneda v. Commonwealth,* 7 Va.App. 574, 583–84, 376 S.E.2d 82, 86–87 (1989)).

The evidence in this case proved that appellant was aware of cocaine in his vehicle and that it was subject to his dominion and control. Appellant repeatedly refused to check the glove compartment for his registration information even after the officer suggested that he look there. Rather, appellant reached toward the glove compartment only when the officer had left the vicinity of his vehicle, thus supporting the inference that appellant knew the cocaine was in the glove compartment. Based on these circumstances, the trial court did not err in finding the evidence sufficient to support appellant's conviction for possession of cocaine. For the reasons stated, I would affirm the judgment of the trial court.