COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Felton, Judges Frank and Huff
Argued at Alexandria, Virginia

SHAWNDA I. RUSH

MEMORANDUM OPINION* BY
v.     Record No. 1748-13-4     JUDGE ROBERT P. FRANK
JUNE 10, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

Thomas W. Ashton (Marilyn Ann Solomon; Solomon Law Group,
on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Shawnda Rush, appellant, was found in contempt of court, in violation of Code

§ 18.2-456(1), by the Shenandoah County Juvenile and Domestic Relations District (J&DR) Court.

She appealed that judgment to the circuit court. On appeal, she argues the circuit court erred in

"appointing a special prosecutor with obvious conflicts of interest to pursue a criminal contempt

charge" against her, in violation of her due process rights under the United States and Virginia

Constitutions. She further contends the circuit court erred in finding her guilty of contempt,

"because the unrebutted evidence before the Court was that [she] suffered from multiple sclerosis

that caused her serious short- and long-term memory loss, causing her not to remember that she had

recently attended a party at her child's school." For the reasons stated, we affirm.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

In 2013, appellant and her former husband, Kris Ashwood, were involved in contested litigation in the J&DR court over custody of their minor child. Larry Mayer, an attorney, was appointed as guardian *ad litem* (GAL) for the minor child. A hearing was set for February 13, 2013. Prior to that hearing, appellant moved for a continuance, due to illness, and the hearing was rescheduled for March 26, 2013.

Appellant was present in court for the March 26, 2013 hearing. At that time, the court asked appellant if she had attended a Valentine's Day party at her child's school on February 14, 2013, the day after her alleged illness. The GAL also questioned appellant in detail about this party. Appellant denied she had attended the party.

The day after the hearing, appellant executed an affidavit in which she admitted that, in contrast to her testimony at the hearing, she had in fact attended the Valentine's Day party. Appellant stated she did not remember being at the party because of medical issues, and she attached to the affidavit documents related to her medical treatment.

On May 8, 2013, the GAL filed a motion for rule to show cause, asking the J&DR court "to determine whether she willfully and falsely testified, under oath." The motion also stated that "to the extent that [the] Court finds [appellant] in contempt, the Guardian *ad litem* seeks the imposition of all sanctions as might be deemed suitable and appropriate to the Court." The J&DR court conducted a hearing on May 29, 2013 and found appellant in criminal contempt of court. She appealed her conviction to the circuit court.

On August 7, 2013, the circuit court, without a jury, heard the case *de novo*. No prosecutor appeared for the Commonwealth. Mr. Mayer was present as GAL for the child. Mayer told the judge that he had been present for the show cause hearing and had been directed to pursue the case. Appellant objected, stating that the GAL could not "be an advocate and a

witness in the same case." After clarifying that Mayer could not both prosecute the case and be a witness, the court allowed the case to proceed with Mayer as a special prosecutor. At oral argument, appellant conceded she did not argue due process at trial. She also conceded the GAL did not testify at trial.

Crystal Keller, who taught appellant's daughter, testified that she had met appellant a number of times. She told the court appellant attended a Valentine's Day party at school on February 14, 2013. Ms. Keller also testified that appellant brought several gifts, including a red picture frame, post-it notes, and an apple desk weight. Keller said appellant stayed at school for close to an hour and signed her daughter out of school at the end of the day. Ms. Keller testified she did not notice that the defendant was coughing, ill, or exhibiting any unusual behavior.

Mr. Ashwood, the child's father, testified as to the hearing that had originally been scheduled for February 13, 2013. He stated that at the rescheduled hearing, appellant told the J&DR court that she had visited the doctor during the week of February 13. Ashwood also testified that in response to the juvenile court judge's questions, appellant stated she did not attend a Valentine's Day party at her daughter's school. Ashwood testified that despite detailed questioning from the GAL, addressing specific details of the party, appellant persistently denied throughout the hearing that she was at the child's school for the party. The GAL then introduced, without objection, a copy of the affidavit in which appellant admitted being at the school on February 14.

Appellant moved to strike the contempt charge, arguing that the evidence failed to prove appellant had the intent to misbehave in court or that her behavior obstructed justice. The court denied her motion.

ANALYSIS

*Appointment of GAL as Special Prosecutor*

Appellant's first assignment of error challenges the circuit court's decision to appoint a guardian *ad litem* (GAL) as a special prosecutor. She asserts the court's action violated her federal and Virginia due process rights, because the GAL had a conflict of interest and should not have been allowed to prosecute the case and testify at the same hearing.

The Commonwealth responds that this assignment of error is waived under Rule 5A:18, as it was not preserved in the circuit court. We agree.

We note that under Rules 5A:12(c)(1) and 5A:20(c), appellant must include with each assignment of error an exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court. This rule serves "to efficiently put the appellate court on notice as to where the party satisfied Rule 5A:18 to spare the Court from having to comb the entire record to determine whether and where the alleged error was preserved." Brooks v. Commonwealth, 61 Va. App. 576, 581, 739 S.E.2d 224, 226 (2013). In this case, appellant referred to numerous pages in the transcript – none of which preserved a due process argument.

One of the fundamental principles of Virginia's jurisprudence is that counsel "must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666, 712 S.E.2d 765, 771 (2011) (citing Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). This obligation is codified in Rule 5A:18, which provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

The rationale of Rule 5A:18 "is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

To comply with Rule 5A:18, an objection "'must be both *specific* and *timely* – so that the trial judge would know the particular point being made in time to do something about it.'" Dickerson v. Commonwealth, 58 Va. App. 351, 356, 709 S.E.2d 717, 719 (2011) (emphasis in original) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). While appellant in this case did object to the appointment of the GAL as special prosecutor, she at no point argued due process. "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc).

"'Rule 5A:18 applies to bar even constitutional claims.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)), aff'd, 270 Va. 1, 613 S.E.2d 459 (2005). While appellant did object to the appointment of the GAL, we do not address appellant's conflict of interest argument, because that contention is predicated on a due process violation. Appellant's conflict argument is not free-standing. Rather, it is subsumed by her due process argument, which she waived. Furthermore, the GAL did not testify at the hearing. As such, any argument alleging conflict of interest fails.

She also failed to develop any argument regarding whether the GAL could be an impartial special prosecutor. After her initial objection that the GAL did not have standing to bring a criminal case, appellant argued only that a conflict would arise if the GAL acted as both

attorney and witness in the matter. As such, the trial court never had an opportunity to consider or rule on appellant's current objections.

Because appellant failed to preserve her arguments in the trial court, Rule 5A:18 bars her from raising them on appeal. Furthermore, appellant does not assert any good cause or ends of justice exception to Rule 5A:18, and "we will not invoke one *sua sponte*." Arrington v. Commonwealth, 53 Va. App. 635, 642 n.7, 674 S.E.2d 554, 557 n.7 (2009).

*Evidence of Contempt*

Appellant next argues the trial court erred in finding her guilty of criminal contempt, because the evidence was that appellant's multiple sclerosis caused short- and long-term memory loss. Specifically, appellant claims the unrebutted evidence showed that she did not remember attending a party at her child's school.

In reviewing a challenge to the sufficiency of the evidence, "appellate courts will review the evidence in the light most favorable to the party prevailing at trial and consider any reasonable inferences from the proven facts." Towler v. Commonwealth, 59 Va. App. 284, 290, 718 S.E.2d 463, 467 (2011). We "presume the judgment of the trial court to be correct," Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002), and we will reverse only if the trial court's decision is "plainly wrong or without evidence to support it," Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004).

The trier of fact has the authority to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts presented. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

> The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts. Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) (emphasis added); accord Hamilton v. Commonwealth, 279 Va. 94, 105, 688 S.E.2d 168, 175

(2010). That responsibility lies with the fact finder because this Court, sitting as an appellate court, and knowing nothing of the evidence or of the witness, except as it appears on the paper, feels itself very incompetent to decide on the credibility of the testimony. Brown v. Commonwealth, 29 Va. (2 Leigh) 769, 777 (1839).

Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011) (internal quotations omitted).

Contempt of court is defined as misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice. Code § 18.2-456(1). We note that the record must contain facts to demonstrate that the accused committed contempt willfully. Carter v. Commonwealth, 2 Va. App. 392, 397, 345 S.E.2d 5, 8 (1986). Further, the evidence must establish intent in order to sustain a conviction for criminal contempt. Singleton v. Commonwealth, 278 Va. 542, 549, 685 S.E.2d 668, 672 (2009). However, whether the requisite intent is present is generally a question for the factfinder. Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).

In the present case, appellant does not deny that she testified erroneously when she told the J&DR court that she had not been present at her child's school for a Valentine's Day party. However, appellant claims she did not lie to the court. She argues that her multiple sclerosis causes memory loss and that she merely forgot that she had attended a party at her child's school. However, the trial court did not believe her. The court found that appellant was lucid in court and was able to remember details of her illness and medical treatment. The court also noted that appellant refreshed her recollection with information stored in her cell phone, yet she claimed not to remember anything about the party, even when the GAL provided a detailed description of the event in an effort to refresh her memory. The trial judge determined that appellant's testimony was not credible. The trial court also found that appellant had the requisite intent to be

convicted of criminal contempt.  The evidence supports the trial court's determinations, and we will not disturb its factual findings.

## CONCLUSION

Appellant's contention that the trial court violated her due process rights by appointing the GAL as a special prosecutor is waived under Rule 5A:18, as she did not preserve this argument for appeal.  We conclude that the evidence before the circuit court was sufficient to convict appellant of criminal contempt of court.  We therefore affirm her conviction.

<u>Affirmed.</u>