UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Russell and Athey
Argued at Fredericksburg, Virginia


JOEL RENE ABALOS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0724-19-4            JUDGE WESLEY G. RUSSELL, JR.
                                                         JANUARY 28, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
Jeffrey W. Parker, Judge

Ryan David Ruzic, Deputy Public Defender, for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A jury convicted Joel Rene Abalos, appellant, of misdemeanor domestic assault on a family

member in violation of Code § 18.2-57.2 and recommended that he serve seven months in jail.  On

appeal, he argues the trial court abused its discretion in sentencing him to seven months in jail with

one month suspended.  For the reasons that follow, we affirm the judgment of the trial court.

BACKGROUND[1]

Appellant appeared before the juvenile and domestic relations district court ("JDR court")

on a charge of assault on a family member.  After hearing the evidence, the JDR court, initially with

appellant's assent, found the evidence sufficient to convict appellant of domestic assault on a family

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Rule 5A:8(c), the parties submitted an agreed written statement of facts in lieu of a transcript.  The written statement of facts was approved by the trial court.  Accordingly, our recitation of the proceedings below is taken from that written statement of facts.

member, but deferred disposition pursuant to Code § 18.2-57.3.[2] Shortly thereafter, appellant

withdrew his assent to the deferred disposition and asked the JDR court to find him guilty so that he

could appeal the conviction to the circuit court ("trial court"). Consistent with appellant's request,

the JDR court found appellant guilty of the offense, convicted him, sentenced him to six months in

jail, and ordered that he pay a $2,500 fine.

Appellant appealed his conviction to the trial court and requested trial by jury. Upon motion

of appellant, the trial court allowed appellant to represent himself, but appointed an attorney from

the Office of the Public Defender to act as standby counsel. In closing argument to the jury,

appellant stated that he had been given first offender disposition in the JDR court. The

Commonwealth objected to appellant's reference to the proceedings in the JDR court, and the trial

---

[2] Code § 18.2-57.3(A) allows a circuit court, subject to certain conditions, to defer the proceedings absent a finding of guilt "[w]hen a person is charged with a simple assault in violation of subsection A of § 18.2-57[.]" In turn, Code § 18.2-57.3(B) provides, in part, that

> [f]or a person to be eligible for such deferral, the court shall find that (i) the person was an adult at the time of the commission of the offense; (ii) the person has not previously been convicted of any offense under this article or under any statute of the United States or of any state or any ordinance of any local government relating to an assault or assault and battery against a family or household member; (iii)(a) the person has not previously been convicted of an act of violence as defined in § 19.2-297.1 or (b) if such person has been previously convicted of such an act of violence, the attorney for the Commonwealth does not object to the deferral; (iv) the person has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section; (v) the person pleads guilty to, or enters a plea of not guilty or *nolo contendere* and the court finds the evidence is sufficient to find the person guilty of, simple assault in violation of subsection A of § 18.2-57 where the victim was a family or household member of the person or a violation of § 18.2-57.2; and (vi) the person consents to such deferral and to a waiver of his right to appeal a finding of facts sufficient to justify a finding of guilt under this section entered pursuant to subsection F for a violation of a term or condition of his probation.

court sustained the Commonwealth's objection.[3]  The jury found appellant guilty, and recommended that he serve seven months in jail.  At appellant's request, the remainder of the sentencing proceeding was continued until the next day.

At that time, appellant requested and the trial court allowed his standby counsel to represent him for the remainder of the sentencing hearing.[4]  During the sentencing hearing, counsel requested the trial court suspend the jury verdict and defer a finding of guilt, but the Commonwealth objected.  As reflected in the written statement of facts, the entirety of the discussion related to the trial court deferring a finding of guilt was as follows:

> On April 19, 2019 the parties reconvened.  Appellant moved, and the [c]ourt granted, that standby counsel be allowed to represent [a]ppellant for the hearing.  Counsel for [a]ppellant at that time moved the [c]ourt to suspend the jury verdict and defer a finding of guilt pursuant to Virginia Code § [18.2-57.3[5]].  The Commonwealth objected to such action noting that [a]ppellant was in fact the beneficiary of a deferred finding in this case in the Juvenile and Domestic Relations Court, which he promptly renounced and asked to be convicted so that he might appeal.  The [trial c]ourt, agreeing with the Commonwealth, denied [a]ppellant's motion [for a deferred disposition].

---

[3] Other than noting that the trial court sustained the Commonwealth's objection to appellant's reference to the proceedings in the JDR court, the written statement of facts does not indicate whether the trial court took any other action regarding the objection, such as giving the jury a cautionary instruction to disregard appellant's statement.

[4] Appellant's original standby counsel was unavailable for the reconvened sentencing hearing, so another lawyer from the Public Defender's Office represented appellant at that hearing.

[5] The written statement of facts contains a typographical error.  Instead of correctly identifying the relevant code section as Code § 18.2-57.3, the written statement of facts refers to "Virginia Code § 186.2-57.2," which does not exist.  Given context, it is clear that appellant sought relief pursuant to Code § 18.2-57.3.  Accordingly, we conduct our review with that understanding.

Although he asked the trial court for a deferred disposition, appellant never objected to the Commonwealth's argument that such a disposition was inappropriate in light of what had transpired in the JDR court.

Appellant then argued that the trial court should "suspend the jury's recommended sentence and place [a]ppellant on probation[.]" In pronouncing sentence, the trial court noted that "[a]ppellant was his own worst enemy who thoroughly aggravated the jury the previous day." The trial court then suspended one month of the recommended sentence, leaving appellant with six months to serve in jail, on the condition that he successfully complete twelve months of supervised probation, complete domestic abuse counseling, and participate in any other counseling recommended by the probation office. In a sentencing memorandum, the trial court wrote, "it is the [c]ourt's belief that the suspension of the one month sentence was in the best interest of the [c]ourt and the Commonwealth and the parties to insure the [appellant] complied with the counseling requirement." Appellant did not object to the sentence he received nor did he file a motion to reconsider.

On appeal, appellant argues that the trial court abused its discretion when it considered at sentencing that appellant had refused to accept a deferred disposition in the JDR court. Specifically, he argues that his "declination of a deferred finding in lower court . . . is not a circumstance surrounding the offense, the history and background of the defendant, nor a fact in mitigation nor a fact in aggravation." Furthermore, in his reply brief, he argues that, in the trial court, no consideration should have been given to the proceedings below because the trial court proceeding was supposed to be a trial *de novo*.

## ANALYSIS

On appeal, appellant argues that his sentencing was in error because the trial court impermissibly considered what transpired in the JDR court. Trial courts have long been given

- 4 -

great latitude in determining what to consider in determining an appropriate sentence. As we have noted,

> both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.

Harvey v. Commonwealth, 65 Va. App. 280, 284 (2015) (quoting McClain v. Commonwealth, 189 Va. 847, 859-60 (1949)). As a result, we review challenges to such determinations "under an abuse of discretion standard." Prieto v. Commonwealth, 283 Va. 149, 168 (2012).

Before we can conduct such a review however, a litigant must have raised his argument in the trial court. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling[.]" Accordingly, we cannot address appellant's argument that the trial court impermissibly considered the proceedings in the JDR court unless appellant raised such an objection in the trial court. A review of the record on appeal reveals that he failed to do so.

The written statement of facts reveals that, in the trial court, appellant requested a deferred disposition and that the Commonwealth argued that he should not receive one because he had refused that outcome in the JDR court. In sum, appellant gave a reason why the trial court should grant him a deferred disposition and the Commonwealth gave a reason why it should not. Although the trial court ultimately agreed with the Commonwealth's reason, there is no indication that appellant ever argued, as he does on appeal, that the trial court should not even consider that reason. The record simply does not demonstrate that appellant objected to the trial court considering what had occurred in the JDR court or otherwise brought the issue to the trial court's attention.

Appellant's failure to comply with Rule 5A:18 is fatal to his claim on appeal. "The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary." Redman v. Commonwealth, 25 Va. App. 215, 220 (1997) (ellipsis in original) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131 (1989)). The rule "places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Brooks v. Commonwealth, 61 Va. App. 576, 581 (2013) (quoting Gardner v. Commonwealth, 3 Va. App. 418, 423 (1986)).

Because appellant did not raise this issue in the trial court, Rule 5A:18 precludes us from "consider[ing it] for the first time on appeal[.]" Vay v. Commonwealth, 67 Va. App. 236, 261 n.11 (2017). Accordingly, we do not reach the merits of appellant's assignment of error, and therefore, the judgment of the trial court is affirmed.[6]

---

[6] The bar imposed by Rule 5A:18 is subject to limited exceptions "for good cause shown or to enable the Court of Appeals to attain the ends of justice." In his reply brief, appellant references the rule's exceptions and states that his sentencing constitutes "a grave injustice[,]" but does not ask us expressly to apply the exceptions. We do not raise the exceptions to the bar of Rule 5A:18 *sua sponte*. Hicks v. Commonwealth, 71 Va. App. 255, 269 n.6 (2019). Even if appellant's reply brief is read as an invocation of the ends of justice exception, appellant cannot satisfy that test. See, e.g., Holt v. Commonwealth, 66 Va. App. 199, 210 (2016) (*en banc*) ("In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." (quoting Redman, 25 Va. App. at 221-22)). Appellant's argument does not challenge that he actually committed the offense or assert that his sentence exceeded the statutory range. Even assuming the trial court erred in considering the events in the JDR court, any such error would not fall within the ends of justice exception.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>