COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Athey
Argued by videoconference

JOHN HOMER ONEAL, IV

v.      Record No. 1168-19-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
OCTOBER 13, 2020

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

Charles E. Haden for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

John Homer Oneal, IV, appeals his conviction for voluntary manslaughter in violation of

Code § 18.2-35. He argues that the trial court erred by denying his motion to strike because the

Commonwealth failed to exclude the reasonable hypothesis of innocence that he acted in

self-defense. We hold that this assignment of error is procedurally barred under Rule 5A:18

because the appellant failed below to challenge the sufficiency of the Commonwealth's evidence

to "exclude the reasonable hypothesis of innocence" that Oneal "acted in justifiable

self-defense." Consequently, we affirm the conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I.  BACKGROUND[1]

On July 5, 2013, John Brown made numerous phone calls to the appellant.  According to the appellant, Brown had threatened him "all night."  When Brown later arrived outside the appellant's home, the appellant shot and killed him.

The appellant was charged with murder and use of a firearm in commission of a felony, in violation of Code §§ 18.2-32 and -53.1.  The Commonwealth presented evidence that when Brown arrived outside the appellant's house, the appellant shot him three times as he stood approximately twenty to twenty-five feet away, outside the appellant's fence.

After the close of the Commonwealth's case-in-chief and again at the conclusion of the presentation of his own evidence, the appellant made motions to strike the evidence.  In both motions, the appellant argued that the evidence was insufficient to support the charge of first-degree murder and "ask[ed] the Court not to allow the evidence to go forward."  The trial court denied the motions.

The trial court instructed the jury on first-degree murder, second-degree murder, voluntary manslaughter, and self-defense.  The jury found the appellant guilty of voluntary manslaughter.  It also found him not guilty of the firearm charge.  The trial court imposed the jury's sentence of eighteen months in prison.

---

[1] In accordance with familiar principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, as the prevailing party at trial.  Smith v. Commonwealth, 296 Va. 450, 460 (2018).

## II. ANALYSIS

The appellant argues that the trial court erred in denying his motion to strike the charge of voluntary manslaughter. He specifically suggests that "the Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence that [he] possessed a reasonable apprehension of imminent bodily harm or death and acted in justifiable self-defense." The Commonwealth contends that the appellant failed to preserve his assignment of error for appeal.

It is well established that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. In enforcing this rule, "the Supreme Court has held that a challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." Mounce v. Commonwealth, 4 Va. App. 433, 435 (1987) (citing Floyd v. Commonwealth, 219 Va. 575, 584 (1978)); see, e.g., Chatman v. Commonwealth, 61 Va. App. 618, 631 (2013) (*en banc*). A specific contemporaneous objection is required in order to give both the trial judge and opposing counsel a fair opportunity to address the challenge or prevent error. See Bethea v. Commonwealth, 297 Va. 730, 743-44 (2019); Scialdone v. Commonwealth, 279 Va. 422, 437 (2010). Consequently, in the trial court, "the objecting party . . . must present the objection . . . with sufficient particularity to permit the judge, if he or she agrees, to take necessary action." Jones v. Commonwealth, 71 Va. App. 597, 607 (2020).

"[A] general argument or an abstract reference to the law is not sufficient to preserve an issue." Banks v. Commonwealth, 67 Va. App. 273, 285 (2017) (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004)). In addition, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." Id. (alteration in original) (quoting

Edwards, 41 Va. App. at 760); see Copeland v. Commonwealth, 42 Va. App. 424, 441 (2004) (holding that an objection to the sufficiency of the evidence to prove whether the defendant had the intent to distribute cocaine on school property was not preserved by the argument that no evidence proved that his actions occurred within a thousand feet of a school zone). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" Bethea, 297 Va. at 744 (quoting Commonwealth v. Shifflett, 257 Va. 34, 44 (1999)).

In the instant case, in his two motions to strike in the trial court, the appellant did not present the argument raised in his assignment of error before this Court. At the end of the Commonwealth's case, the appellant made a motion to strike the charges based on insufficient evidence. His entire argument regarding the murder charge consisted of the following:

> At a minimum I would further expand on my motion that at this juncture I don't think there is any evidence whatsoever to consider raising the charge from second degree murder to first degree murder. As they're allowed, they charged a generic murder, if you will, as allowed by the code. But this is the point in time when the Court can. So an ancillary part of my motion is to restrict the [C]ommonwealth from this point forward and only go forward on second degree murder or less.

The Commonwealth responded that witness testimony had included sufficient evidence of premeditation. The trial court agreed and denied the motion to strike.

After the appellant presented evidence, he renewed his motion to strike. At that time, the appellant asked the trial court to "allow no more than . . . second degree murder to go to this jury." He argued that there was "no evidence of premeditation." The appellant also stated that "obviously, fundamentally, [he was] asking the [c]ourt not to allow the evidence to go forward." In response, the Commonwealth reiterated witness testimony that the appellant shot Brown before he entered the yard. The trial court again denied the motion.

The appellant did not argue in either of his motions to strike, as he does on appeal, that the Commonwealth "failed to exclude the reasonable hypothesis of innocence that [he] possessed a reasonable apprehension of imminent bodily harm or death and acted in justifiable self-defense."[2] Consequently, the appellant's motions to strike did not give the trial court an opportunity to evaluate the current challenge relating to the Commonwealth's alleged failure to disprove self-defense. Nor did the motions provide the prosecution the opportunity to respond to the current argument. At trial, defense counsel understandably focused on the reduction of the first-degree murder charge to a lesser offense. Nevertheless, the appellant was required to argue his theory regarding self-defense in the context of the sufficiency of the evidence to the trial court in order to preserve the issue for appeal pursuant to Rule 5A:18.

Certainly, the appellant presented his theory that he acted in self-defense and made that argument to the jury. However, arguments to the jury do not preserve a specific legal challenge to the sufficiency of the evidence for appellate review because the issue must be presented to the trial judge, not the jury. Rompalo v. Commonwealth, 72 Va. App. 147, 156 n.3 (2020).

Finally, the appellant could have cured this deficiency if he had raised the particular sufficiency challenge in a motion to set aside the verdict, but he did not make one. See id. at 155 (noting that to "preserve for appeal a challenge to the sufficiency of the evidence," a defendant must do so in a motion to strike or a motion to set aside the verdict). Although trial counsel

---

[2] The Commonwealth also argues that the appellant did not adequately preserve this issue for appellate purposes because he did not renew his motion to strike after the Commonwealth's rebuttal witness testified. However, more fundamentally, the appellant clearly did not raise self-defense in either of the motions to strike that he did make. Therefore, we do not reach the issue of whether he was required to renew his motion again because it is not the best and narrowest ground on which to resolve the appeal. See Dietz v. Commonwealth, 294 Va. 123, 134 (2017) (noting that an appellate court decides cases on "the best and narrowest grounds available" (quoting Commonwealth v. White, 293 Va. 411, 419 (2017))).

suggested that he was planning to file a motion for a judgment notwithstanding the verdict, no such motion appears in the record.

For these reasons, the record demonstrates that the appellant failed to make his self-defense sufficiency argument below in compliance with Rule 5A:18.

Rule 5A:18 contains two exceptions to the procedural bar, one for good cause and the other to reach the ends of justice. However, this Court will not raise those exceptions *sua sponte*. See Edwards, 41 Va. App. at 761, cited with approval in Jones v. Commonwealth, 293 Va. 29, 39 n.5 (2017). The appellant did not suggest that the ends-of-justice exception to Rule 5A:18 applies to his case until his rebuttal at oral argument.[3] See generally Wandemberg v. Commonwealth, 70 Va. App. 124, 137 (2019) (explaining that the ends-of-justice exception applies only if "a miscarriage of justice has occurred" (quoting Holt v. Commonwealth, 66 Va. App. 199, 209 (2016) (*en banc*))). Raising the ends-of-justice exception in the first instance at oral argument is untimely and insufficient for a litigant to invoke it. See Stokes v. Commonwealth, 61 Va. App. 388, 397 (2013); see also Rule 5A:20(e) (providing that the assignment of error "shall state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable"). Accordingly, we do not address these exceptions.[4]

---

[3] The appellant never asked this Court to apply the exception for good cause. See generally Andrews v. Commonwealth, 37 Va. App. 479, 494 (2002) (explaining that the good cause exception may apply when a litigant *did not have the opportunity* to raise the particular claim below).

[4] The Court has decided this case on the best and narrowest ground by applying a procedural bar relating to failure to preserve the issue in the trial court. We note, however, that the appellant's assignment of error incorrectly attempts to assign the burden of proof to the Commonwealth even though it was *his* burden to affirmatively prove self-defense. See Riley v. Commonwealth, 277 Va. 467, 479 (2009) (explaining that as an affirmative defense, "the burden" of proving self-defense "is on the defendant to present evidence establishing [it] to the satisfaction of the fact finder").

## III.  CONCLUSION

We hold that this appeal is procedurally barred under Rule 5A:18.  The appellant did not challenge the sufficiency of the Commonwealth's evidence to exclude his hypothesis of self-defense during his motions to strike or make a motion to set aside the verdict.  Further, we do not consider the good cause or ends-of-justice exceptions to Rule 5A:18.  We conclude that by failing to present the specific issue to the trial court regarding the sufficiency of the Commonwealth's evidence to disprove self-defense, the appellant failed to preserve the alleged error for appellate review.  Therefore, we affirm the conviction.

<u>Affirmed.</u>